Ronald G. MARK, Deanna T. Mark, Robert T. Mautz and Linda P. Mautz, Plaintiffs,

v.

KANAWHA BANKING & TRUST COMPANY, N.A., a national banking association, and United States of America, Defendants.

Civ. No. 81–952RE.

United States District Court, D. Oregon.

Aug. 9, 1983.

Charles R. Markley, Portland, Or., for plaintiffs.

Jack Collins, Asst. U.S. Atty., Portland, Or., for defendant, U.S.

## OPINION

REDDEN, District Judge:

This is an action by plaintiffs to remove a cloud on the title to certain real property located in Oregon. The defendants are Kanawha Banking & Trust Company, N.A. (Kanawha Bank), a national banking association with its principal place of business in West Virginia and the United States of America by the Small Business Administration (SBA). The SBA counterclaimed to foreclose trust deeds on the property at issue and to obtain deficiency judgments

against Ronald Mark and Robert Mautz. I held a court trial on November 2, 1982. In an opinion issued March 23, 1983, I found for plaintiffs on all issues.

On April 15, 1983, plaintiffs filed an affidavit by their counsel setting forth a claim for attorneys' fees. They did not, at that time, cite any authority in support of their claim for an award of attorneys' fees against the government. On May 19, 1983, plaintiffs filed a memorandum in support of their motion for attorneys' fees. Plaintiffs argue that the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in combination with ORS 20.096(1) authorizes an award of fees against the SBA.

The Oregon statute provides that

In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements.

ORS 20.096(1). The trust deeds the SBA sought to foreclose contained a provision that plaintiffs would pay the SBA's attorneys' fees in any action to foreclose the deeds. Plaintiffs argue that ORS 20.096(1) makes this provision of the trust deeds reciprocal. Plaintiffs contend that the United States has waived its sovereign immunity and has consented to be bound by the Oregon statute through 28 U.S.C. § 2412(b). This section provides:

Unless expressly prohibited by statute, a court may award reasonable fees and expenses to attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any

other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

Plaintiffs argue that the phrase "any statute" refers to both state and federal statutes.

■■■■ This case presents a novel and difficult issue under the EAJA: Whether the phrase "any statute" includes state statutes. From my review of the legislative history, I conclude that by "any statute" Congress intended only federal statutes.

The legislative history shows that Congress enacted subsection (b) of the EAJA to ensure that the United States would be liable for attorneys' fees under the common law exceptions to the American rule against fee shifting. Congress also intended that the United States should be liable under federal statutory exceptions to the American rule.

> Section 2412(b) permits a court in its discretion to award attorney fees and other expenses to prevailing parties in civil litigation involving the United States to the same extent it may award fees in cases involving other parties.... This is consistent with the present law in section 2412. "Other expenses" as noted in section 2412(b) will be those which are presently available against other parties in this subsection. Thus, under this subsection, cases involving the United States would be subject to the "bad faith," "common fund" and "common benefit" exceptions to the American rule against fee-shifting. *The United States would also be liable under the same standards which govern awards against other parties under Federal statutory exceptions*, unless the statute expressly pro-

vides otherwise. This subsection clarifies the liability of the United States under such statutes as the Civil Rights Attorney's Fee Awards Act of 1976, as well.

> It has been generally held that existing section 2412 prevents an award of attorney fees against the United States, even under the common law exceptions, in the absence of express statutory authority.... This subsection reflects the belief that at a minimum, the United States should be held to the same standard in litigating as other parties and that no justification exists for exempting the United States from fee awards in these limited situations.

H.Rep. No. 96–1418, 96th Cong., 2d Sess. 17, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4996 [hereinafter "House Report"] (emphasis added). I conclude that Congress intended to waive the government's sovereign immunity only to the extent that a *federal* statute authorizes an award of attorneys' fees. *See* House Report at 8.

Plaintiffs argue, however, that the SBA is liable for attorneys' fees under Oregon law.[1] Plaintiffs contend that the United States Supreme Court in *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979), held that the SBA is subject to all state laws. Plaintiffs misread the holding of *Kimbell Foods*. The Supreme Court expressly held that *federal* law governs the SBA's lending programs. *Id.* at 727, 99 S.Ct. at 1457. The Court went on to hold that state law regarding priority of liens would be incorporated as the federal rule of decision for establishing the priority of federal and state liens. The Court did not hold that the

---

1. In the pretrial order, the parties agreed that West Virginia law controlled the disposition of the collateral. In their trial memorandum, plaintiffs stated that West Virginia law controlled this case. Plaintiffs now appear to argue that Oregon law is applicable. After the trial on the merits, however, I concluded that Article 9 of the Uniform Commercial Code as adopted by West Virginia controlled the disposition of the collateral. Since there was an absence of West

Virginia case law, and since the applicable provisions of Article 9 were identical in Oregon and West Virginia, I applied Oregon case law in interpreting Article 9. I did not hold that Oregon substantive law applied to this case. Thus, even if "any statute" in § 2412(b) included state statutes, ORS 20.096(1) would not apply to this case. Plaintiffs have not cited any identical provision of West Virginia law.

SBA is subject to all state laws. Thus, *Kimbell Foods* does not support plaintiffs' argument.

 Furthermore, Oregon substantive law, including ORS 20.096(1), does not apply because the trust deeds at issue state:

In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1(d) ], this instrument is to be construed and enforced in accordance with applicable Federal law.

The regulations provide that the SBA may, at times, use local procedures for recordation and notification but that "the use of local procedures shall not be deemed or construed to be any waiver by SBA of any Federal immunity from any local control, penalty, or liability." 13 C.F.R. § 101.-1(d)(3) (1983). The SBA is not bound by the reciprocity provision of ORS 20.096(1).

■ As an alternative holding, I note that an award of fees under § 2412(b) is discretionary. Even if I were to hold that ORS 20.096(1) governed this action, I would not award fees. This is not a case where, but for fee shifting, the plaintiffs would not have been able to bring this action. Plaintiffs have sufficient assets to prosecute this case. They were not deterred by the "greater resources and expertise of the United States . . . ." H.Conf.Rep. No. 96–1434, 96th Cong., 2nd Sess. 21, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 5003, 5010. The issues adjudicated in this case were not of significant public interest. This is not a case where an award of attorneys' fees is necessary to encourage attorneys to press such actions.

Plaintiffs also argue that they are entitled to recover ten percent of their attorneys' fees from Kanawha Bank. They claim that Kanawha Bank continues to have a ten percent participation in the loan which underlies this action. They also claim that the Bank is the owner of two trust deeds which were executed before the SBA's trust deeds. I reject this argument. The trust deeds which plaintiffs executed at the insistence of the SBA were replacements for the prior trust deeds. Further-more, I earlier ruled that the SBA, not Kanawha Bank, is the real party in interest in this action. *Mark v. Kanawha Banking & Trust Co.*, No. 81–952–RE (D.Or. April 20, 1982) (opinion granting SBA's motion to set aside default judgment). Plaintiff's Motion for Attorneys' Fees against Kanawha Bank is denied.