772 F.2d 1535
 Shirley C. JOE, as Personal Representative of the Estate of
Samuel Lee Joe for the benefit of Shirley C. Joe,
individually, etc., Plaintiff-Appellant,
v.
UNITED STATES of America, d/b/a Veterans Administration,
etc., et al., Defendants-Appellees.
 No. 85-5240.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 7, 1985.
 
 Robert Peltz, Miami, Fla., for plaintiff-appellant.
 Stanley Marcus, U.S. Atty., Linda Collins-Hertz, David Leiwant, Susan Aprill, Asst. U.S. Attys., Miami, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before JOHNSON and HENDERSON, Circuit Judges, and ALLGOOD*, District Judge.
 PER CURIAM:
 
 
 1
 This appeal arises from a wrongful death action brought by appellant Shirley Joe, in her individual capacity and as personal representative of the estate of Sam Lee Joe. Appellant brought this action against the United States and other defendants who committed medical malpractice resulting in the death of Sam Lee Joe, Shirley Joe's husband. The action was brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. Sec. 2671 et seq. The case was tried under Florida substantive tort law, as required by the FTCA. Following a non-jury trial, the district court awarded $490,707 plus costs to appellant.
 
 
 2
 In a post-trial petition, appellant sought attorneys' fees pursuant to Fla.Stat. Sec. 768.56. That statute provides for an award of attorneys' fees to the prevailing party in a medical malpractice action. The district court denied the petition for attorneys' fees. This appeal followed, and is confined solely to the issue of whether appellant is entitled to attorneys' fees from the United States in an action brought under the FTCA, where the applicable state tort law would provide for attorneys' fees in an action against another party under state law.
 
 
 3
 Appellant advances two arguments in support of her contention that she is entitled to attorneys' fees. First, appellant argues that Section 2674 of the FTCA provides that the United States shall be liable in the same manner and to the same extent as a private individual under like circumstances. The lower court was therefore bound to, and in fact did, follow the substantive law of Florida on the issues of liability and damages. Appellant further contends that attorneys' fees is one aspect of "liability" within the meaning of the FTCA. Thus, since a private individual would be liable for attorneys' fees in a medical malpractice action brought under Florida law, appellant argues that the United States should be liable for attorneys' fees under the FTCA.
 
 
 4
 Appellant's second argument is based on the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. Sec. 2412(b). The EAJA provides that the United States shall be liable for attorneys' fees to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. Appellant claims that Fla.Stat. Sec. 768.56, which provides for attorneys' fees in medical malpractice actions, is a "statute" within the meaning of the EAJA. Since another party would be liable for attorneys' fees under the Florida Statute, appellant argues that the United States is liable for attorneys' fees as well.
 
 
 5
 I. Attorneys' Fees Directly Under the Federal Tort Claims Act
 
 
 6
 The doctrine of sovereign immunity bars an award of attorneys' fees against the United States unless there is express statutory authorization for such an award. Fenton v. Federal Insurance Administrator, 633 F.2d 1119, 1122 (5th Cir.1981); Hernandez v. Home Savings Assoc. of Dallas County, 606 F.2d 596, 602 (5th Cir.1979). Waivers of sovereign immunity are to be strictly construed in favor of the sovereign. United States v. Sherwood, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941).
 
 
 7
 The FTCA does not expressly provide for attorneys' fees against the United States. The only mention of attorneys' fees within the FTCA occurs in Section 2678, which prohibits an attorney from charging fees in excess of 25 percent of the judgment. Section 2678 was amended in 1966, at which time Congress raised that limit on attorneys' fees from 20 percent to the present level of 25 percent. The legislative history of that amendment indicates that its purpose was to "assure competent representation and reasonable compensation" in matters litigated under the FTCA. S.Rep. No. 1327, 89th Cong., 2d Sess. (1966), reprinted in 1966 U.S.Code Cong. & Ad.News 2515, at 2520. The increase was intended to encourage attorneys to take claims under the FTCA, and to bring attorneys' fees under that act "more nearly in line with those prevailing in private practice." Id.
 
 
 8
 If Congress had intended at the time of the 1966 amendment to encourage attorneys to bring FTCA claims not by increasing the percentage of the judgment available to attorneys but, instead, by providing for an award of attorneys' fees from the United States, Congress could easily have done so. However, the legislative history implies that Congress viewed FTCA claims as typically involving contingent fee arrangements. The 1966 amendment was designed to bring the permissible contingent fee more nearly in line with that which prevailed in tort claims against private parties. The FTCA does not contain the express waiver of sovereign immunity necessary to permit a court to award attorneys' fees against the United States directly under that act.
 
 
 9
 II. Attorneys' Fees Under the Equal Access to Justice Act
 
 
 10
 Section 2412(b) of the EAJA renders the United States liable for attorneys' fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." Appellant contends that Fla.Stat. Sec. 768.56, which provides for an award of attorneys' fees to a prevailing plaintiff in a medical malpractice action, is a "statute" within the meaning of Section 2412(b) of the EAJA, and that the United States is thus liable for attorneys' fees in the present case.
 
 
 11
 Only one other federal court has interpreted the term "statute" within the meaning of 28 U.S.C.A. Sec. 2412(b), and that court held that the term referred only to federal statutes. Mark v. Kanawha Banking & Trust Co. N.A., 575 F.Supp. 844 (D.Ore.1983). In so holding, that court relied primarily on the legislative history of Section 2412(b). The House Report accompanying the EAJA stated that the EAJA would make the United States liable for costs and attorneys' fees "under the same standards which govern awards against other parties under Federal statutory exceptions" to the American rule, unless the statutory exception expressly provides otherwise. H.Rep. No. 96-1418, 96th Cong., 2d Sess. 17, reprinted in 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4996 (emphasis added). The "American rule" refers to the tradition in the United States that litigants must bear their own attorneys' fees. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975).
 
 
 12
 We hold that the term "statute," within the meaning of 28 U.S.C.A. Sec. 2412(b), refers only to federal statutes. Thus, the attorneys' fees provision applicable to medical malpractice cases under Florida law does not entitle appellant to an award of attorneys' fees from the United States. The decision of the district court is AFFIRMED.
 
 
 
 *
 Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation