**FEDERAL DEPOSIT INSURANCE COR-PORATION as Manager of the FSLIC Resolution Fund as Receiver for Vernon Savings and Loan Association, FSA, and Addison Airport Association, Ltd., Plaintiffs,**

v.

**ADDISON AIRPORT OF TEXAS, INC., and City of Addison, Defendants.**

Civ. A. No. CA3–87–2960–D.

United States District Court,
N.D. Texas,
Dallas Division.

April 2, 1990.

William G. Compton, Mark Simon, and Iwana Rademaekers of Arter & Hadden, Dallas, Tex., for the FDIC.

David T. Moran of Jackson & Walker, Dallas, Tex., for Addison Airport of Texas, Inc.

FITZWATER, District Judge:

The instant motion for an award of attorney's fees presents questions concerning the application of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to litigation in which the Federal Deposit Insurance Corporation ("FDIC"), acting as receiver for a failed financial institution, has been unsuccessful on the merits. Having prevailed on its motion for summary judgment, defendant Addison Airport of Texas, Inc. ("AATI") now argues that the court should award attorney's fees, preferably under 28 U.S.C. § 2412(b), but alternatively pursuant to 28 U.S.C. § 2412(d). The court concludes sovereign immunity prevents an award under § 2412(b), but grants the application on the basis of § 2412(d).

## I

A brief summary of the merits of the case is necessary to explain the disposition of the attorney's fee application. Defendants The City of Addison, Texas ("Addison") and AATI were lessors of an aircraft hangar and office complex. Through various assignments of the lease, Eagle Investment Company ("Eagle"), an entity not involved in this suit but involved in related litigation,[1] became the lessee. Vernon Savings and Loan Association ("Old Vernon") advanced the funds to Eagle that enabled Eagle to acquire the lease. In connection with this transaction, Old Vernon, Addison,

and AATI executed an estoppel letter that obligated Addison and AATI to notify Old Vernon if Eagle defaulted on its obligations to Addison and AATI. When Eagle defaulted, AATI mailed Old Vernon the required notice of default via certified mail, return receipt requested. The notice sent to Old Vernon was a carbon copy of the notice mailed to Eagle. The notice was mailed to the address prescribed in the estoppel letter, with the exception that the address did not specify "Suite 100." Old Vernon filed a declaratory judgment action in state court, contending the notice was deficient because: it was a carbon copy of the notice to Eagle; AATI and Addison did not send the notice jointly; and the notice omitted "Suite 100" from the address. Old Vernon subsequently failed, the Federal Savings and Loan Insurance Corporation ("FSLIC")[2] was appointed receiver, and the case was properly removed[3] to this court. Addison and AATI moved for summary judgment, contending the notice was proper. The summary judgment evidence showed Old Vernon had received each notice and had received its mail regardless whether "Suite 100" was included in the address. The court granted summary judgment, noting the estoppel letter did not require both Addison and AATI to sign the notice of default. In an unpublished opinion, the court also observed that it could not understand "how a carbon addressed to [Old] Vernon does not constitute 'prompt written notice of default.'" The court characterized as "frivolous and wholly without merit" the claim that the notice was deficient because it was not addressed to "Suite 100." AATI now seeks an award of attorney's fees from the FDIC pursuant to the Equal Access to Justice Act.

## II

The United States is immune from claims for attorney's fees except to the extent it

---

**1.** A portion of the related litigation is reported. See *Addison Airport of Texas, Inc. v. Eagle Inv. Co.,* 691 F.Supp. 1022 (N.D.Tex.1988). The present case is referenced at 691 F.Supp. 1023 & n. 3.

**2.** The FDIC is the statutory successor to the FSLIC.

**3.** See *Addison Airport of Texas,* 691 F.Supp. at 1023.

has waived its immunity.[4] *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983). Prior to the enactment of the EAJA, awards of attorney's fees were barred against the United States unless authorized by a specific statute. *Knights of the K.K.K. v. East Baton Rouge Parish School Board*, 679 F.2d 64, 65–66 (5th Cir.1982); *Cassata v. FSLIC*, 445 F.2d 122, 125–26 (7th Cir. 1971) (because United States had not waived sovereign immunity, attorney's fees could not be recovered against the FSLIC). While the EAJA retains the general prohibition of attorney's fee awards against the United States, 28 U.S.C. § 2412(a), the Act also waives sovereign immunity in two broad contexts: First, § 2412(b) *permits* a court to award fees to a prevailing party and provides "[t]he United States shall be liable for such fees ... to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). Second, § 2412(d) *requires* a court to award attorney's fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d).[5]

### A

■ The court turns initially to the first ground on which AATI predicates its fee request. AATI argues it is entitled to an award pursuant to § 2412(b), the permissive provision, because under Texas law it would be entitled to recover attorney's fees against a private party in a similar action. For this proposition it relies upon TEX. CIV.PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1986) (permitting awards of attorney's fees in contract cases) and a clause in the lease entered into by Addison, AATI, and Eagle. This document provides that a prevailing landlord or tenant required to hire an attorney to enforce or defend its rights or obligations is enti-

tled to recover its attorney's fees from the other party. The FDIC argues that neither the attorney's fees provisions of Texas law nor the lease permits an award of attorney's fees under the EAJA.

### 1

The court first considers whether § 38.001(8) of the Texas Civil Practice and Remedies Code provides a basis for a fee award. This requires the court to determine, as a threshold matter, whether the phrase "any statute" in § 2412(b) includes state statutes that provide for recovery of attorney's fees.

The Eleventh Circuit has addressed this issue and concluded it does not. Relying on the House Report that accompanies the EAJA, the Eleventh Circuit held that the term "statute" in § 2412(b) refers only to federal statutes that provide for fee shifting. *Joe v. United States*, 772 F.2d 1535, 1537 (11th Cir.1985) (citing H.Rep. No. 96–1418, 96th Cong.2d Sess. 17, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4996); *accord Olson v. Norman*, 830 F.2d 811, 822 (8th Cir.1987); *Johnson v. United States*, 780 F.2d 902, 910 (11th Cir. 1986); *Mark v. Kanawha Banking & Trust Co., N.A.*, 575 F.Supp. 844, 847 (D.Or.1983). AATI takes issue with this approach by attacking the use of legislative history to interpret the plain language of a statute. It argues that if Congress had intended to limit the waiver of immunity it would have used the phrase "federal statute" rather than the more general term "statute." While the court questions whether the House Report can, in any authoritative sense, inform the court's understanding of the EAJA, *cf. Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2551, 101 L.Ed.2d 490 (1988), the court need not resort to legislative history to reach the result adopted by the Eleventh and Eighth Circuits and the Oregon district court.

---

**4.** The parties agree that the FDIC is an agency of the United States and so is entitled to any rights enjoyed by the government.

**5.** As the court discusses *infra,* § 2412(d) requires a prevailing party to meet certain requirements and places a cap on the hourly rate of fees that may be awarded.

Waivers of sovereign immunity must be construed strictly in favor of the sovereign. *Sierra Club,* 463 U.S. at 685, 103 S.Ct. at 3277 (citing *McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951)). Moreover, in the United States—especially in the federal system—there is a strong tradition and presumption against fee shifting. *See generally Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 247–271, 95 S.Ct. 1612, 1616–28, 44 L.Ed.2d 141 (1975). To be sure, to further interests Congress deems important it has waived the government's immunity from attorney's fee awards in several instances. It is quite unlikely, however, that Congress would expose the public exchequer to draws that are regulated, not in a manner that Congress itself can predict, but instead by the individual choices of 50 different state legislatures. Moreover, the government is a party to thousands of cases throughout the Nation. Nothing in the EAJA reflects congressional intent that the particular locale of suit should govern the government's liability for attorney's fees. The court therefore interprets the term "any statute" in § 2412(b) to mean a federal rather than state statute. The availability of fees pursuant to § 38.001(8)—a state law—is irrelevant.

### 2

■ The court next examines whether AATI is entitled to recovery under § 2412(b) on the basis of a clause in the applicable lease. AATI contends the lease clause triggers § 2412(b) because it exacts upon the FDIC "[liability] under the common law" within the meaning of § 2412(b). The court need not decide whether sovereign immunity can be waived by a contract executed by a private party who is a predecessor in interest of the FDIC. Under the terms of the lease itself, AATI is not entitled to recover.

The provision in question provides for the recovery of attorney's fees if "on account of any breach or default by *Landlord* or *Tenant* of their respective obligations *under this lease,* it shall become necessary for the other party to employee [sic] an attorney to enforce or defend any

of such party's rights or remedies …" (emphasis added). This suit is not predicated upon an alleged breach of the lease agreement. It is instead premised on the theory that Old Vernon breached its obligations to AATI under the estoppel letter. Moreover, Old Vernon was neither landlord nor tenant under the lease agreement. Hence, AATI cannot rely upon the quoted provision of the lease agreement to recover its attorney's fees "under the common law."

### B

■ AATI argues in the alternative that it should be allowed to recover its fees under § 2412(d). Section 2412(d) mandates an award of fees to a litigant who meets the procedural requirements of the statute, unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. *Id.* § 2412(d)(1)(A).

### 1

To receive an award of attorney's fees under § 2412(d), a litigant must meet several procedural requirements. The application must be filed within 30 days of final judgment in the action and must allege that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Moreover, the application must show that the party seeking the award is eligible to receive an award. *Id.* To be eligible, AATI must not have had a net worth in excess of $7 million at the time suit was filed and must not have employed more than 500 employees. *Id.* § 2412(d)(2)(B). The FDIC argues that AATI has not complied with these procedural requirements.

The FDIC contends the application was not timely because it was not filed until November 17, 1989. This argument is somewhat disingenuous. AATI initially sought an award of attorney's fees on July 24, 1989 on the basis of § 2412(d). It had previously moved for attorney's fees under § 2412(b) and other grounds. On October 24, 1989 the court issued an order requiring more detailed proof of the amount of attor-

ney's fees sought, citing the necessity to make the findings required by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The court's order stated that AATI's application was denied without prejudice to the filing of a subsequent application supported as required by *Johnson*. The order denied the application under § 2412(b) and did not reach the question whether fees should be awarded under § 2412(d). Because § 2412(b) allowed the award of the full amount of reasonable fees sought rather than a fixed, inflation-adjusted rate, the interests of justice required the court to determine as a threshold matter whether an award pursuant to § 2412(b) was appropriate before considering an award under § 2412(d). The November 17, 1989 application is not to be treated as AATI's initial fee request. That submission merely provided the court the *Johnson* analysis necessary to make a proper § 2412(b) determination. It effectively amended the earlier-filed § 2412(d) application, which was timely. *See Dunn v. United States*, 775 F.2d 99, 104 (3d Cir. 1985) (subsequent filings may amend timely filed EAJA petitions).

The court similarly rejects the FDIC's allegation that AATI did not allege the government's position was not substantially justified. Because the July 24, 1989 application remained pending before the court, and contained the allegation that the position of the United States was not substantially justified, AATI complied with this statutory requisite.

2

■ Having found no procedural impediment, the court now considers whether the FDIC's position was substantially justified in this suit.[6] Under the EAJA, the FDIC has the burden of showing that its position at every stage of the proceedings was substantially justified. *Minter v. Secretary*, 677 F.Supp. 889, 890 (N.D.Tex.1987) (social security benefits case). The substantial justification test essentially asks whether the government was justified in its position

to a degree that could satisfy a reasonable person. *Pierce*, 108 S.Ct. at 2550. The government's position must be "more than merely undeserving of sanctions for frivolousness" because "that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.*

■ In assessing substantial justification a court may consider so-called "objective indicia" such as the stage of the proceedings at which the merits were decided, the views of other courts on the merits, and the terms of any settlement agreement reached in the case. *Id.* at 2551. These factors are not necessarily conclusive. *Id.* For instance, where a dispute centers only on questions of law, summary judgment does not necessarily show that the government's position was not substantially justified. It "proves only that the district judge was efficient." *Id.* at 2552. The court must also consider subjective factors in its analysis, such as the strength of the arguments made by the government. *S.E.C. v. Fox*, 855 F.2d 247, 252 (5th Cir.1988). Entitlement to an EAJA award does not simply merge with the decision on the merits but requires separate analysis. *State of La. ex rel. Guste v. Lee*, 853 F.2d 1219, 1222 (5th Cir.1988).

In analyzing the government's position, the court is mindful of the special role the FDIC plays in marshalling the assets of a failed financial institution. As the FDIC points out, it "is not a private litigant seeking personal gain. Rather, it is a federal entity with a congressional mandate to vigorously pursue assets dissipated or mismanaged by a failed institution." This mandate does not, however, give the FDIC carte blanche to pursue patently frivolous positions in the federal courts. The FDIC argues that the leasehold in question was the only collateral for a $1.7 million note and that the value of the item at stake justified the positions it chose to take in this court. This court declines to establish jurisprudential scales that permit specious circumstances make the award of fees unjust.

---

6. The FDIC has not presented any arguments that would support the conclusion that special

legal positions to be counterbalanced by the financial stakes involved.

The FDIC does not attempt to support two of the three arguments it advanced in seeking to avoid summary judgment. Clearly the argument that both Addison and AATI were required to sign the notice of default, as well as the contention that a copy of the notice of default was insufficient notification of Eagle's default, were entirely unjustifiable. There was not even a basis in the estoppel letter for these arguments. The FDIC now relies exclusively on the proposition that the notice of default did not contain "Suite 100" in the address. In considering the merits of this claim the court denominated it "frivolous and wholly without" merit in light of the fact Old Vernon received its mail regardless whether "Suite 100" was included in the address and that Old Vernon in fact received every notice sent. The court now holds that this position was not justified to a degree that would satisfy a reasonable person. Old Vernon contracted to receive "prompt written notice of default." It in fact received such notice. A reasonable person would not find the FDIC's position justified in this case regardless of the magnitude of the promissory note involved. AATI is entitled to a fee award pursuant to § 2412(d).

### C

■ Having decided that AATI must be awarded its attorney's fees, the court next determines the appropriate amount. The statute provides for attorney's fees at a rate of $75.00 per hour. 28 U.S.C. § 2412(d)(2)(A)(ii). It permits an upward adjustment for increases in the cost of living. *Id.* The Fifth Circuit has concluded that "except in unusual circumstances," when there is a significant increase in the cost of living in an area following the enactment of the EAJA the increase should be granted. *Baker v. Bowen,* 839 F.2d 1075, 1084 (5th Cir.1988) (social security case). The award need not necessarily

track the cost-of-living index for a particular geographical area, but that index is a significant indicator. *Id.* "[R]ates should be increased only to the extent necessary to ensure an adequate source of representation and should never exceed the percentage by which the market rate attorneys' fees have increased since the statute was enacted in 1981." *Id.* AATI contends that a rate of $97.50 per hour accurately reflects the increased cost of living in the Dallas–Fort Worth area. It bases this figure on the consumer price index for services in the area. The court concludes this evidence supports an increase of the rate to $97.50 per hour. The FDIC does not contest as unreasonable the amount of time AATI's attorneys devoted to the case.[7] The court *sua sponte* notes that 8.7 hours of expended time were incurred prior to the FDIC's intervention. Because the purpose of the EAJA is to prevent oppressive litigation by the government, the court does not consider it appropriate to award fees that were incurred as a result of Old Vernon's initiation of the suit. The court thus concludes, under § 2412(d), that the award should be based upon 139.1 hours. Upon review of the affidavits the court holds this amount of time to be within the limits of reasonableness.

■ AATI also seeks an award of $1,337.23 in expenses for copies, delivery charges, and long distance phone calls. The court holds these expenses to be reimbursable under the EAJA as "reasonable fees and other expenses." *Jean v. Nelson,* 863 F.2d 759, 776–78 (11th Cir.1988), *cert. granted,* — U.S. —, 110 S.Ct. 862, 107 L.Ed.2d 947 (1990); *Aston v. Secretary,* 808 F.2d 9, 12 (2d Cir.1986) (telephone, postage, travel, and photocopying costs reimbursable under § 2412(d)(2)(A)); *cf. International Woodworkers of America v. Donovan,* 792 F.2d 762, 767 (9th Cir.1986) (costs that are ordinarily billed to the client are recoverable under § 2412(b)). The de-

---

7. The court therefore has no occasion to review in detail the time records of AATI's counsel. *Cf. Alberti v. Klevenhagen,* 896 F.2d 927, 931–32 (5th Cir.1990) [No. 88–2570, slip op. at 2850, 1990] (42 U.S.C. § 1988 case) (district court required to determine whether total hours claimed are reasonable and whether particular hours claimed are reasonable).

fendants shall submit a proposed form of judgment for entry by the court.[8]

SO ORDERED.

---

**8.** The FDIC contends this fee award must be against the FSLIC Resolution Fund because the party over which AATI prevailed was the FSLIC. AATI does not dispute this proposition and the court assumes the form of judgment will be drafted accordingly.