**RESOLUTION TRUST CORPORATION**

v.

**Louis A. MIRAMON, Jr., et al.**

**Civil Action No. 92–2672.**

United States District Court,
E.D. Louisiana.

June 27, 1996.

---

John Thomas Nesser, III, Robert J. Burvant, Liane King Hinrichs, Margaret Mary Sledge, Nesser, King & LeBlanc, New Orleans, LA, Pinkie Carolyn Wilkerson, Pinkie C. Wilkerson, Grambling, LA, for Resolution Trust Corporation.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is a motion in limine filed by the plaintiff and defendant in counterclaim, the Federal Deposit Insurance Corporation ("FDIC"), as statutory successor to the Resolution Trust Corporation ("RTC"). For the reasons that follow, the motion is GRANTED.

I. *BACKGROUND:* After a long and protracted litigation, the sole claims remaining before this Court are the counterclaims of defendants Louis A. Miramon, Jr. and Larry Englande. The RTC commenced this action in August 1992, bringing claims of negligence, breach of fiduciary duty, and gross negligence against several former directors and officers of the defunct South Savings & Loan Association ("SSLA"). The Court, by order of Judge Charles Schwartz, Jr., dated December 9, 1992, dismissed the claims of simple negligence and breach of fiduciary duty on grounds that neither Louisiana law nor federal law recognizes a cause of action against directors or officers of depository institutions for lesser breaches of duty than gross negligence. The Fifth Circuit affirmed this ruling. *See RTC v. Miramon,* 22 F.3d 1357 (5th Cir.1994).

Miramon and Englande, together with eight other directors sued by the RTC, brought counterclaims pursuant to Louisiana Revised Statute § 6:786(F), which provides that any person who unsuccessfully attempts to impose a higher standard of responsibility than gross negligence "may be liable for attorney's fees incurred in the defense of such an attempt and for damages." La.Rev. Stat.Ann. § 6:786(F) (West Supp.1996). On November 3, 1994, Judge Schwartz granted the director defendants' motion for summary judgment as to RTC's liability on these counterclaims. The RTC filed a motion for reconsideration on grounds that the § 6:786(F) counterclaims sounded in tort and were therefore subject to the limitations of the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671–2680. Judge Schwartz denied the motion, finding that § 6:786(F) does not give rise to liability sounding in tort but, rather, is a fee-shifting rule that "augments the Court's Rule 11 authority to impose monetary penalties and assess fees and costs so as to deter pointless litigation." *See RTC v. Miramon,* No. 92–2672, 1995 WL 6290 (E.D.La. January 6, 1995). The director defendants other than Englande and Miramon subsequently dismissed their counterclaims against the RTC.

II. *ANALYSIS:* The FDIC now brings this motion in limine seeking clarification from the Court regarding issues of sovereign immunity as well as the scope of liability pursuant to § 6:786(F). First, the

FDIC asserts that if, as Judge Schwartz has held, § 6:786(F) is a fee-shifting rule and does not create a standard of care giving rise to tort liability, then the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, provides the sole waiver of sovereign immunity for the imposition of such fee-shifting liability against the RTC. Although the EAJA waives sovereign immunity with respect to attorneys fees and expenses (under certain circumstances), it does not waive immunity for general damages for injuries such as embarrassment, loss of business opportunity, loss of reputation, etc. Thus, the FDIC seeks a ruling that this Court lacks subject matter jurisdiction over the counterclaimants' claim for general damages. Second, the FDIC argues that the entire counterclaim must be dismissed on grounds of sovereign immunity because the EAJA, the sole waiver of immunity for fee-shifting liability, is a limited waiver and does not encompass liability for attorneys fees under § 6:786(F). Finally, the FDIC maintains that if the counterclaimants are entitled to recover attorneys fees and costs, the scope of this recovery must be limited to the counterclaimants' efforts to dismiss the simple negligence and breach of fiduciary duty claims and should not include fees and costs incurred generally to defend the suit or to defend the gross negligence claim after the other two counts were dismissed.

The counterclaimants do not specifically counter the FDIC's arguments regarding the limited scope of the EAJA's waiver of sovereign immunity for fee-shifting liability. Rather, the counterclaimants suggest that the FDIC's sovereign immunity arguments should be rejected because of the previous rulings of Judge Schwartz and because of arguments made by the RTC in connection with previous motions. As the basis for the sovereign immunity arguments before the Court today are clearly different from those

presented to Judge Schwartz, the crux of the counterclaimants' objection appears to be that the FDIC is estopped from raising its current sovereign immunity arguments now, when such arguments could have been raised in opposition to the counterclaimants' motion for summary judgment or in the RTC's motion for reconsideration on FTCA grounds.

■ The Court agrees that the FDIC/RTC's failure to raise earlier the issue of 28 U.S.C. § 2412 is regrettable in that it has caused delay and further expense of judicial resources, as well as further expense to the counterclaimants. Sovereign immunity, however, "is a jurisdictional prerequisite which may be asserted at any stage of the proceedings," [1] and "the government is not subject to assertions of waiver or estoppel when it raises the defense." [2] Consequently, the Court simply cannot ignore arguments, however belated, that call into doubt the Court's authority to exercise jurisdiction over this matter.

■ Whenever a party brings suit against an agency or instrumentality of the United States, the specter of sovereign immunity is roused. Despite its myriad and sometimes questionable underpinnings, federal sovereign immunity remains an entrenched tenet of our law—" 'a point of departure unquestioned.' " *United States v. Horn,* 29 F.3d 754, 761 (1st Cir.1994) (quoting *Cunningham v. Macon & Brunswick R.R.,* 109 U.S. 446, 451, 3 S.Ct. 292, 296, 27 L.Ed. 992 (1883)). Because both the FDIC and the RTC (acting in its corporate capacity) are agencies of the United States,[3] sovereign immunity is necessarily implicated by the counterclaimants' § 6:786(F) claim.[4]

■ Only Congress has the power to waive a federal agency's sovereign immunity, and it "must 'unequivocally express[ ]' its desire to do so." [5] Such waivers "must appear

1. *Bank One, Texas, N.A. v. Taylor,* 970 F.2d 16, 34 (5th Cir.1992), *cert. denied,* 508 U.S. 906, 113 S.Ct. 2331, 124 L.Ed.2d 243 (1993).

2. Charles A. Wright et al., 14 *Federal Practice and Procedure* § 3654, at 192 (2d ed. 1985).

3. *See* 12 U.S.C. §§ 1441a(b)(1)(B), 1819(b)(1).

4. *FDIC v. Meyer,* 510 U.S. 471, 474–76, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.")

5. *Department of Army v. FLRA,* 56 F.3d 273, 277 (D.C.Cir.1995) (quoting *Irwin v. Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990)) (alteration in original).

on the face of the statute" and "must be strictly construed."[6] The terms of the government's consent to be sued defines the Court's jurisdiction over the claim at issue— with regard to "the general subject of the suit" as well as "specific items of award."[7]

■ With the Financial Institutions Reform Recovery & Enforcement Act of 1989 ("FIRREA"), Congress created the RTC with the power to "sue and be sued"[8] and "carried forward the FDIC's 'sue and be sued' clause."[9] "[A]gencies authorized to 'sue and be sued' are presumed to have fully waived immunity unless, as to particular types of suits, there is clearly a contrary legislative intent."[10] "[S]ue-and-be-sued waivers are to be 'liberally construed'" and "cannot be limited by implication unless there has been a 'clea[r] show[ing] that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the "sue and be sued" clause in a narrow sense.'" *FDIC v. Meyer,* 510 U.S. 471, 480, 114 S.Ct. 996, 1003,

127 L.Ed.2d 308 (1994) (quoting *FHA v. Burr,* 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940)) (alterations in original).

■ With regard to fee liability, however, no case need be made for an implied limitation on the RTC's and/or FDIC's sue-and-be-sued waivers, for Congress has limited such liability specifically by statute. *See* 28 U.S.C. § 2412.[11] Section 2412 of the Judicial Code, 28 U.S.C. § 2412, "authorizes the recovery of costs against the United States or any agency thereof."[12] "Prior to the implementation of the EAJA, 28 U.S.C. § 2412 barred an award of attorneys' fees to the prevailing party in any civil action brought by or against the United States government, unless specifically provided for by statute." *Knights of the Ku Klux Klan v. East Baton Rouge Parish Sch. Bd.,* 679 F.2d 64, 66 (5th Cir.1982).[13] A "sue and be sued" clause, such as those with which the FDIC and RTC are endowed, was not sufficient "to override the general bar of 28 U.S.C. § 2412." *NAACP v. Civiletti,* 609 F.2d 514, 529 n. 12 (D.C.Cir.1979) (SBA's sue-and-be-sued clause did not overcome barrier of § 2412 because it

**6.** *Id.; see also United States v. Nordic Village, Inc.,* 503 U.S. 30, 37, 112 S.Ct. 1011, 1016, 117 L.Ed.2d 181 (1992) (waiver must be expressed "in statutory text").

**7.** Charles A. Wright et al., 14 *Federal Practice and Procedure* § 3654, at 193 (2d ed. 1985); *see also Wilkerson v. United States,* 67 F.3d 112, 118 (5th Cir.1995) ("Congress sets forth the terms of those waivers and courts may not exercise subject matter jurisdiction over a claim against the federal government except as Congress allows."); *Department of Army,* 56 F.3d at 276 ("Congress can waive immunity to one type of remedy without waiving immunity to another.").

**8.** *See* 12 U.S.C. § 1441a(b)(9)(E).

**9.** *Far West Fed. Bank v. OTS,* 930 F.2d 883, 888 (Fed.Cir.1991); *see* 12 U.S.C. § 1819(a)(Fourth).

**10.** *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 86 n. 8, 111 S.Ct. 1700, 1709 n. 8, 114 L.Ed.2d 134 (1991).

**11.** *See* Charles A. Wright et al., 14 *Federal Practice and Procedure* § 3660, at 361 (2d ed. 1985) ("In addition to the judicially created doctrine of sovereign immunity, there are a number of statutes that specifically prohibit the federal courts

from taking jurisdiction over certain types of actions involving the United States.").

**12.** *See* Charles A. Wright et al., 14 *Federal Practice and Procedure* § 3660, at 367 (2d ed. 1985).

**13.** *See also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 267–68 & n. 40, 42, 43, 95 S.Ct. 1612, 1626–27 & n. 40, 42, 43, 44 L.Ed.2d 141 (1975) ("2412 on its face, and in light of its legislative history, generally bars such [attorneys fee] awards, which, if allowable at all, must be expressly provided for by statute."); *NAACP v. Civiletti,* 609 F.2d 514, 518 (D.C.Cir. 1979) (absence of language contrary to award of attorneys' fees not enough "to overcome the barrier of 28 U.S.C. § 2412"), *cert. denied,* 447 U.S. 922, 100 S.Ct. 3012, 65 L.Ed.2d 1114 (1980), *and cert. denied sub nom., Andrulis v. United States,* 447 U.S. 922, 100 S.Ct. 3012, 65 L.Ed.2d 1114 (1980); *Fitzgerald v. United States Civil Serv. Comm'n,* 554 F.2d 1186, 1189 (D.C.Cir.1977); *Cassata v. FSLIC,* 445 F.2d 122, 126 (7th Cir. 1971) ("District Court erred in assessing attorneys' fees against FSLIC ... because of the bar of sovereign immunity, such an award being void and unenforceable under 28 U.S.C.A. § 2412."); Charles A. Wright et al., 14 *Federal Practice and Procedure* § 3660, at 367 (2d ed. 1985).

"neither directly nor expressly authorize[d] an award of fees.").[14]

■ In 1981, the EAJA amended 28 U.S.C. § 2412, creating two exceptions to the ban on awarding fees and expenses against the government. These exceptions are contained in 2412(b) and (d) and are addressed below.[15] However, section 2412 "still retains a general provision barring attorneys' fees and expenses against the federal government, except as otherwise specifically provided by statute," and the language of this provision remains essentially unchanged from its pre-EAJA form.[16] *Knights of the Ku Klux Klan*, 679 F.2d at 66. Thus, under 28 U.S.C. § 2412, as amended, federal agencies are susceptible to liability for attorneys fees and expenses only where Congress has "specifically provided by statute" for fee liability against the government[17] or as permitted pursuant to § 2412(b) and (d).

■ FIRREA's sue-and-be-sued clauses are not sufficient "to override the general bar of 28 U.S.C. § 2412" because they "neither directly nor expressly authorize[ ] an award of fees."[18] Nor does there appear to exist any other statute specifically providing for the imposition of fee liability against the RTC or FDIC under the circumstances presented here. Consequently, this Court is compelled to agree with the FDIC that the RTC (and/or the FDIC) is susceptible to the imposition of fee liability in this case, if at all, only as allowed pursuant to 28 U.S.C. § 2412(b) and (d).

With the applicable law firmly in hand, the Court turns now to consider whether 28 U.S.C. § 2412 allows for the specific items of award sought by the counterclaimants.

■ **A. General Compensatory Damages:** As stated earlier, the FDIC argues that this Court lacks subject matter jurisdiction over the counterclaimants' claim for general damages—*e.g.*, for embarrassment, loss of business opportunity, and loss of reputation—because the EAJA (which represents the exclusive aperture through which the counterclaimants may reach the RTC for the imposition of fee-shifting liability) does not allow for the recovery of such damages. The Court agrees.

Section 2412 is quite specific in the items that may be awarded in a judgment against an agency of the United States for costs, fees, and/or expenses. Section 2412(a) allows for "costs, as enumerated in section 1920."[19]

14. Prior to its amendment by the EAJA, 28 U.S.C. § 2412 provided in pertinent part:

"Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action."

15. *See* discussion *infra* pp. 845–46; *see generally* Charles A. Wright et al., 14 *Federal Practice and Procedure* § 3660 (2d ed. 1985 & Supp.1996).

16. See 28 U.S.C. § 2412(a)(1), and compare with relevant text of pre-EAJA provision, recited herein at note 14. Section 2412(a)(1) provides in pertinent part:

"Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or *any* official of the United States

acting in his *or her* official capacity in any court having jurisdiction of such action."

28 U.S.C. § 2412 (emphasis added to highlight new language).

17. 28 U.S.C. § 2412(a)(1).

18. *NAACP v. Civiletti*, 609 F.2d 514, 529 n. 12 (D.C.Cir.1979); *see also Oklahoma Aerotronics, Inc. v. United States*, 943 F.2d 1344, 1351–52 (D.C.Cir.1991) ("The scope of an agency's liability under EAJA ... does not depend on whether it could sue or be sued. EAJA controls awards of attorney's fees and expenses regardless of whether the statutes otherwise waive the agency's sovereign immunity.")

19. *See* 28 U.S.C. § 2412(a)(1). The costs allowable pursuant to 28 U.S.C. § 1920 are: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case: (5) Docket fees under [28 U.S.C. § 1923]; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpre-

In addition to costs, section 2412(b) allows "reasonable fees and expenses of attorneys." Section 2412(d) provides for "fees and other expenses," which "includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees." [20] Clearly, the items allowable under section 2412 are limited to reimbursement for fees, costs, and expenses actually incurred by a party in the litigation. Even the most liberal reading could not stretch 2412 to encompass any form of general compensatory damages—even for injuries suffered as a result of the litigation.

█ The issues presented here brings this analysis inescapably to Judge Schwartz's previous ruling that the counterclaims are not barred by the FTCA. Having reviewed Judge Schwartz's previous orders, this Court questions whether Judge Schwartz intended his ruling on the FTCA to embrace the general damages aspect of the counterclaims. First, nowhere in either of his rulings on the counterclaims did Judge Schwartz specifically address the prayer for general damages. Moreover, in his Order and Reasons dated November 3, 1994, Judge Schwartz three times described the remedy available to the counterclaimants as one for attorneys fees and costs incurred in defense of the simple negligence and breach of fiduciary duty claims.[21] Nevertheless, to the extent that Judge Schwartz's ruling of January 6, 1995 could be construed as possibly encompassing the counterclaimants' demand for general compensatory damages (as opposed to reimbursement of fees and expenses incurred), the Court must revisit it.

█ General compensatory damages such as those sought by the counterclaimants are designed to make a plaintiff whole for injuries to his person or property. Damages for embarrassment compensate for infliction of emotional harm—mental anguish. Damages for loss of reputation seek to make one whole for loss of the ability to earn wages, borrow money, and to enjoy life as fully as before the injury. These are in the nature of damages that would be sought in an action for malicious prosecution, defamation, libel, or similar action. As discussed above, it is difficult to comprehend how a demand for damages such as these could be categorized as a component of fee-shifting, for they do not seek to reimburse the plaintiff for any monies expended. Certainly, the counterclaims are not grounded in contract. Nor are the counterclaimants seeking return of monies on the basis of any equitable theory such as detrimental reliance or unjust enrichment. This leaves tort.

█ It is beyond dispute that "if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue-and-be-sued clause." [22] 28 U.S.C. § 2679(a). Section 1346(b) grants jurisdiction to district courts for claims "against the United States, for

---

tation services under [28 U.S.C. § 1828]." 28 U.S.C. § 1920.

**20.** 28 U.S.C. § 2412(d)(1)(A) and (d)(1)(C)(2)(A).

**21.** *See RTC v. Miramon,* No. 92–2672, 1994 WL 605906 (E.D.La. Nov. 3, 1994). Judge Schwartz explained that "Act 586 of 1992 … *provides a remedy in the form of attorneys fees and costs incurred in the defense of such action." Id.* at *1. He then found there to be "no question but that the director defendants *have incurred attorney's fees and costs in connection with their defense." Id.* at *2. Finally, Judge Schwartz stated that "the only issue before this Court is that of the *remedy provided in section 786(F)*," and then described this remedy as one *"for costs and attorney's fees incurred in defense* of the RTC's allegation of breach of simple negligence standard." *Id.* at *3.

These descriptions of the counterclaimants' remedy are consistent with Judge Schwartz's statement in his Minute Entry of January 6, 1995, that 6:786(F) is a "fee-shifting rule" that "augments the Court's Rule 11 authority to impose monetary penalties and assess fees and costs so as to deter pointless litigation," for monetary sanctions imposed pursuant to Rule 11 are limited to payments into the registry of the court or payments "to the movant of some or all of the *reasonable attorneys' fees and other expenses incurred as a direct result of the violation."* Fed. R.Civ.P. 11(c)(2).

**22.** *FDIC v. Meyer,* 510 U.S. 471, 476, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994) (quoting 28 U.S.C. § 2679(a)); *see also Board of Governors of the Fed. Reserve Sys. v. DLG Fin. Corp.,* 29 F.3d 993, 999 (5th Cir.1994), *cert. dismissed,* —— U.S. ——, 115 S.Ct. 1085, 130 L.Ed.2d 1055 (1995).

money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

Upon examining the counterclaimants' claim for general damages, the Court can draw no other conclusion but that the claim is cognizable under § 1346(b). The counterclaimants claim that the RTC violated § 6:786 by attempting to impose a standard of care higher than gross negligence, and that they suffered damages as a result of this violation. Section 6:786(F), which provides the counterclaimants' with their cause of action, is without question "the law of the place where the act or omission occurred"—namely, the RTC's unsuccessful suit for simple negligence, which was brought in Louisiana. As 6:786(F) unequivocally imposes liability upon "[a]ny person" who brings such a suit, it is clear that a private person would be liable under the same circumstances. *See* La.Rev.Stat.Ann. § 6:786(F) (West Supp. 1996).

Finally, as discussed above, the damages sought by the counterclaimants (beyond reimbursement for fees and expenses incurred in the litigation) are for personal injuries and loss of property allegedly resulting from the claims brought by the RTC. They seek to be made whole, to be placed in the position they would have been in if the RTC had not committed its wrongful act. That the wrongful conduct alleged here happened to take the form of a lawsuit does not change this fact—to the extent that the counterclaimants seek general compensatory damages, they have brought a claim "for money damages ... for injury or loss of property, or personal

injury." To allow the counterclaimants to proceed with their damages claims by labeling the remedy sought as a litigation penalty, monetary sanction, or fee-shifting liability would be to allow them "to circumvent the strictures of the Federal Tort Claims Act which Congress specifically provided for this type of relief." [23] Accordingly, this Court finds that the counterclaimants' claims for general damages are subject to the procedural requirements of the FTCA. As the counterclaimants have not complied with these requirements, this Court lacks jurisdiction over this aspect of the counterclaims. To the extent that the counterclaimants seek litigation costs, fees, and expenses, however, this Court agrees with the counterclaimants that the counterclaims do not sound in tort but, rather, seek to impose fee-shifting liability. Consequently, this aspect of the counterclaims is not barred by the FTCA.

**B. *Attorneys Fees and Expenses:*** As discussed above, because of the general bar against fee awards contained in 28 U.S.C. § 2412(a), the RTC (and/or the FDIC) is susceptible to the imposition of fee liability in this case, if at all, only as allowed pursuant to the EAJA, as set forth in 28 U.S.C. § 2412(b) and (d).[24] Section 2412(b) allows courts to award reasonable attorneys fees and expenses, plus costs, to a prevailing party and provides that the government "shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). Section 2412(d) provides for the award to a prevailing party other than the United States of fees and other expenses "incurred by that party in any civil action (other than cases sounding in tort) ... brought by or against the United States ... unless the court finds that the position of the United States was

---

**23.** *Coleman v. Espy*, 986 F.2d 1184, 1192 (8th Cir.) (motion for contempt seeking compensatory damages for violation of injunction barred by FTCA), *cert. denied sub nom., Dye v. Espy*, 510 U.S. 913, 114 S.Ct. 301, 126 L.Ed.2d 249 (1993); *see also McBride v. Coleman*, 955 F.2d 571, 576 (8th Cir.), *cert. denied sub nom., McBride v. Madigan*, 506 U.S. 819, 113 S.Ct. 65, 121 L.Ed.2d 32 (1992); *Armstrong v. Executive Office of Presi-*

*dent*, 821 F.Supp. 761, 773 (D.D.C.), *rev'd on other grounds*, 1 F.3d 1274 (D.C.Cir.1993) (coercive fines, as opposed to compensatory damages, not barred by sovereign immunity because they "do not allow a party to recover any damages and thereby circumvent [the FTCA]").

**24.** *See* discussion *supra* pp. 841–43.

substantially justified or that special circumstances make an award unjust."[25]

■ The counterclaimants suggest that this Court can reclassify Judge Schwartz's partial summary judgment in favor of the counterclaimants as a judgment rendered pursuant to the EAJA. If this could be done, it would have to be pursuant to 2412(b), for 2412(d) prescribes its own substantive standards.[26] Presumably, the counterclaimants are suggesting by their argument in this regard that § 6:786(F) constitutes a "statute which specifically provides for such an award" as provided in 28 U.S.C. § 2412(b). However, every court that has addressed this issue has held that "the term 'statute' in § 2412(b) refers only to federal statutes that provide for fee shifting." *FDIC v. Addison Airport of Texas, Inc.*, 733 F.Supp. 1121, 1123 (N.D.Tex.1990).[27] This Court finds the reasoning of these courts to be sound, and the counterclaimants offer no justification for this Court to split from this consensus. Consequently, this Court finds that the EAJA provides no basis for the Court to exercise jurisdiction over the § 6:786(F) counterclaims.

■ Because the Court finds that it lacks subject matter jurisdiction over the counterclaims, it need not address the FDIC's arguments regarding the scope of § 6:786(F).

Although this Court has found the counterclaimants § 6:786(F) claims to be barred by sovereign immunity, "it does not reach this conclusion unaware that a common result of sovereign immunity is that injured parties are not compensated." *United States v. Waksberg*, 881 F.Supp. 36, 41 (D.D.C.), *aff'd*, 56 F.3d 1532 (1995). "In light of the rather heavy burden suffered by some victims of governmental abuse, there are many arguments in the legal community for the aboli-

tion of sovereign immunity." *Id.* However, "[s]overeign immunity can only be curtailed pursuant to the exercise of legislative not judicial power." *Id.*

Accordingly, IT IS ORDERED that this Court's Order and Reasons, dated November 3, 1994, and Minute Entry, dated January 6, 1995, are HEREBY VACATED, and the counterclaims of Louis A. Miramon, Jr. and Larry Englande are HEREBY DISMISSED. This dismissal shall be with prejudice, except that it shall be without prejudice to the counterclaimants' right to pursue their claims for general damages in accordance with the administrative procedures prescribed by the FTCA. In addition, the counterclaimants may submit to the Court an application for fees and other expenses pursuant to 28 U.S.C. § 2412(d) and for costs pursuant to 28 U.S.C. § 2412(a). Such application shall be considered timely if filed within 30 days from the date of this Order.

This Court has found no basis in federal statute or federal common law that would support an award in this case of fees and expenses pursuant to 28 U.S.C. § 2412(b). Nevertheless, if such a basis does exist, then this dismissal shall not bar the counterclaimants from submitting an application for fees and expenses pursuant to 28 U.S.C. § 2412(b), provided that such application is submitted within 30 days from the date of this Order.

25. 28 U.S.C. § 2412(d)(1)(A). "United States," as such term is used in 28 U.S.C. § 2412(d), includes any agency of the United States. *See* 28 U.S.C. § 2412(d)(2)(C).

26. In addition, section 2412(d) requires a party applying for an award pursuant to that subsection to submit an application "which shows that the party is a prevailing party and is eligible to receive an award under [that] subsection." 28 U.S.C. § 2412(d)(1)(B). To be eligible for such an award, a party must, among other things,

satisfy certain net worth requirements. 28 U.S.C. § 2412(d)(2)(B), (d)(2)(H).

27. *See also RTC v. Eason*, 17 F.3d 1126, 1134 n. 6 (8th Cir.1994); *United States v. Parsons Corp.*, 1 F.3d 944, 946 (9th Cir.1993); *Olson v. Norman*, 830 F.2d 811, 822 (8th Cir.1987); *Joe v. United States*, 772 F.2d 1535, 1537 (11th Cir.1985); *Mark v. Kanawha Banking & Trust Co., N.A.*, 575 F.Supp. 844, 847 (D.Or.1983).