**BETA SYSTEMS, INC.,**
**Plaintiff–Appellant,**

v.

**THE UNITED STATES,**
**Defendant–Appellee.**

**Nos. 87–1108, 87–1274.**

United States Court of Appeals,
Federal Circuit.

Jan. 31, 1989.

William H. Gammon, Lewis, Mitchell & Moore, of Vienna, Va., argued for plaintiff-appellant. With him on the brief was J. Kevin Moore.

Carol N. Park–Conroy, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for defendant-appellee. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen,

Director and Thomas W. Petersen, Asst. Director.

Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and NEWMAN, Circuit Judge.

### ORDER

PAULINE NEWMAN, Circuit Judge.

Beta Systems, Inc. requests attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1985), incurred in connection with Counts I and III of the Claims Court litigation and our decision in *Beta Systems, Inc. v. United States,* 838 F.2d 1179 (Fed.Cir.1988). That decision reversed the Claims Court's summary judgment on liability, and granted the relief requested by Beta Systems as to Counts I and III. Count II had been severed, and no fees with respect thereto are included in this petition.

The underlying dispute turned on interpretation of several clauses of a contract between Beta and the Army Troop Support and Aviation Materiel Readiness Command for the supply of certain tank/pump units. We agreed with Beta's interpretation of the contract on all material issues: i.e., that 70% of the total contract price was subject to the Economic Price Adjustment (EPA) clause; that it was the actual, not the conditional, First Article Approval that governed; that the aluminum alloy that was approved and used was not excluded from authorization for use; and that the price index set in section H–8 must comply with the DAR. These issues were the subjects of Counts I and III, and their resolution is pertinent to proceedings on remand.

### A

The government requests that we separate the fees incurred for each of the three counts. This has been implemented as to Count II. Counts I and III are somewhat interrelated, and while the majority of the litigation effort was required by Count I, the single issue of Count III was decided in favor of Beta. Since Beta prevailed as to both counts, no controlling purpose has been shown for requiring an additional remand in order to provide additional bookkeeping on these issues. *See generally Hensley v. Eckerhart,* 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983).

### B

The government states that we should await the action of the Claims Court on remand.[1] Title 28 U.S.C. § 2412(d)(1)(B) provides that the fee petition must be filed within 30 days after "final judgment in the action." This apparently simple phrase has not been free of litigation, and Beta's timely filing of this petition after our final judgment avoided the possibility of dismissal for lack of jurisdiction, such as occurred in *Allen v. Secretary of Health and Human Services,* 781 F.2d 92 (6th Cir.1986). In *Allen* an attorney fee petition was held to be untimely and not within the court's jurisdiction because it was not filed until completion of proceedings on remand to the trial court. The circuit court held that its decision on appeal was the "final judgment in the action" because only limited proceedings were required on remand. *Id.* at 94.

This court in *Skip Kirchdorfer, Inc. v. United States,* 803 F.2d 711 (Fed.Cir.1986), rejecting the position of *Allen,* held that it is always timely to file a fee petition after the decision on remand. We have also entertained fee petitions following our judgment, as in *Gavette v. Office of Personnel Management,* 785 F.2d 1568 (Fed. Cir.1986) (in banc), wherein we awarded attorney fees although we had remanded the case for a calculation and award of backpay. *Accord Massachusetts Fair Share v. Law Enforcement Assistance Administration,* 776 F.2d 1066, 1068 (D.C.Cir. 1985) (awarding attorney fees to party who established entitlement to relief on the merits of the claim, although remanding to the agency for further action). *Cf. Vascera v. Heckler,* 624 F.Supp. 1198, 1204 (D.R.I.

---

1. Both parties direct our attention to ongoing settlement negotiations, the government making the point that all is not over, and Beta suggesting that our decision may indeed be the last judicial word on the entire cause.

1986) (claimant who secures remand for *de novo* hearing is not yet a "prevailing party").

■ The purpose of the statutory requirement of finality is not to provide a basis for fatal misguess as to when a judgment will be deemed "final in the action": the purpose is to establish a reasonable procedure, avoiding piecemeal fee requests, yet serving the interest of justice. It is inappropriate to require major litigation to decide if a final judgment in the action occurred, whether the petition is filed after the appellate court's final judgment, as in the case before us, or is delayed until after completion of all proceedings on remand. The *Allen* decision shows the risks of following the procedure proposed by the government; and challenges on this basis are not unknown in this court, despite our ruling in *Kirchdorfer*. *See, e.g., Covington v. Department of Health and Human Services,* 818 F.2d 838, 840 (Fed.Cir.1987) (government taking position that Covington's filing of fee petition after completion of proceedings on remand, rather that after decision on prior appeal, was untimely). While we do not encourage piecemeal fee requests, we affirm that a prevailing party is not barred from filing a petition for recovery of attorney fees upon final appellate judgment accompanied by remand.

Since our judgment in *Beta Systems* settled the merits as to Counts I and III, leaving little for the Claims Court to do on remand, we will entertain this petition at this time.

## C

The government does not dispute that Beta was the prevailing party, but argues that the position of the government was "substantially justified", as that term is used in the EAJA and as elaborated in *Pierce v. Underwood,* — U.S. —, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In *Underwood* the Supreme Court explained that Congress intended "substantially justified" to connote " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person", 108 S.Ct. at 2550, and was equated by the

Court to "the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed the issue." *Id.* (citations omitted). The Court explained that Congress' usage of "substantially justified" was intended to command a higher threshold of justification than "reasonably justified", requiring only that a reasonable person could think the position correct even though it is not. *Id.* at n. 2.

■ In our decision on the Count I issues we observed: "Although the government asks that we affirm the court's analysis [concerning what percentage of the contract price was subject to adjustment], it offers no defense or explanation thereof, and points to no support in the contract or elsewhere for its reading." *Beta Systems,* 838 F.2d at 1181. Discussing the government's position that provisional First Article Approval is identical with final First Article Approval, a position that we termed legal error, we observed that "No authority for this position is offered by the government...." *Id.* at 1182. Other Count I issues were also deemed unsubstantiated as a matter of law. We conclude that these positions do not carry the requisite justification. For Count III, the government's position, which placed it in violation of the DAR, similarly does not meet the threshold justification contemplated in *Underwood.*

We conclude that the requirements of entitlement to attorney fees are met as to Counts I and III.

## D

■ The government asserts that the submitted time and expense documentation is insufficiently detailed. These figures have been amended and supplemented with additional time sheets, filling a gap identified by the government. They are typical billing records, showing time and charges, a description of the work done, and by whom. The accounting comports with the statutory and case law for such records;

the government's generalized objection lacks substance.

 Beta's counsel billed much of its work at rates higher than the $75 ceiling set in the EAJA. Counsel has averred, without contradiction, that its rates are customary and usual. We have been shown no basis for thinking otherwise. However, we are constrained by the Court's reasoning in *Underwood*, that the "special factors" referred to by Congress do not include a general market rate that is higher than the statutory ceiling. *Id.* 108 S.Ct. at 2553.

The fee petition as corrected, and updated to include costs incurred on the petition, is granted, subject to a maximum rate of $75 per hour.

ACCORDINGLY, IT IS ORDERED THAT:

1. Beta is entitled to attorney fees and expenses under 28 U.S.C. § 2412(d).

2. Beta shall file a corrected calculation with the court.