**TGS INTERNATIONAL, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**No. 90-1440.**

United States Court of Appeals,
Federal Circuit.

Jan. 5, 1993.

Philip C. Jones, Falls Church, VA, argued, for appellant.

John S. Groat, Attorney, Commercial Litigation Branch, Dept. of Justice, of Washington, DC, argued, for appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Terrence S. Hartman, Asst. Director.

Before RICH, NEWMAN, and ARCHER, Circuit Judges.

ORDER

PAULINE NEWMAN, Circuit Judge.

TGS International (TGS) requests attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1985), with respect to part but not all of this court's rulings favorable to TGS in *TGS International, Ltd. v. United States*, 949 F.2d 402 (Fed.Cir.1991) (TABLE). The request is granted, subject to determination of fees actually incurred.

**A**

TGS does not request fees for any aspect of the decision other than the delay by the Government of Kuwait in accepting and activating the electrical substation, although this was not the only issue decided in favor of TGS. The government asserts that TGS is not yet appropriately viewed as a prevailing party, stating that although TGS prevailed on the issue of liability due to the Government of Kuwait's delay in accepting the electrical substation, TGS must on remand establish entitlement to recovery as a result of the delay. That is incorrect. The issue of liability was decided, and this court's remand to the Board for "determination of quantum, including increased costs due to the lack of full power" did not reopen the question of entitlement, or affect TGS's status as prevailing party.

**B**

The government also argues that TGS is not entitled to attorney fees because the litigation position of the United States was "substantially justified", in that the government's defense of the Board's holding was plausible and reasonable. However, 28 U.S.C. § 2412(d)(1)(B) requires consideration of the record on the underlying substantive issue:

Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based). . . .

In this case, the agency actions were not substantially justified when taken.

This court determined that TGS was not at fault for the delay by the Government of Kuwait in accepting the substation and authorizing full power. Indeed, the United States on appeal acknowledged "some delay costs", even as it required TGS to litigate entitlement. On the issue of the substation, the government's action did not have a "reasonable basis in law and fact", in the words of *Pierce v. Underwood*, 487 U.S. 552, 565–66, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Accordingly, this criterion of the request for attorney fees has been met.

## C

■ When judgment is rendered on appeal, accompanied by remand to the trial court for an accounting, the attorney fee request with respect to the appeal usually need not await completion of the accounting. *See Beta Systems, Inc. v. United States*, 866 F.2d 1404, 1406 (Fed.Cir.1989) (petition for attorney fees is timely filed upon final judgment accompanied by a remand). In this case, however, the amount of attorney fees actually "incurred" was contingent upon the amount of recovery on the merits, and to that extent the petition as filed was premature.

> 28 U.S.C. § 2412(d)(1)(A) provides that [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by the party in any civil action....

In its requirement that the fees have been "incurred" by the party, § 2412(d) differs from § 2412(b) and other fee-shifting statutes that authorize the award of "a reasonable attorney's fee". *See, e.g., Blanchard v. Bergeron*, 489 U.S. 87, 93–94, 109 S.Ct.

939, 944, 103 L.Ed.2d 67 (1989) (Civil Rights Attorney's Fee Award Act of 1976, 42 U.S.C. § 1988); *Phillips v. General Services Administration*, 924 F.2d 1577, 1582 (Fed.Cir.1991) (EAJA, 28 U.S.C. § 2412(d)); *Cabrera v. Martin*, 973 F.2d 735, 740 & n. 4 (9th Cir.1992) (discussing EAJA, 28 U.S.C. § 2412(b)).

TGS's petition as filed was based on attorney time actually expended. However, TGS's fee arrangement was for an initial retainer paid to the attorney, plus a contingent fee to be based upon actual recovery. Neither of these amounts depended on the attorney time expended. Thus, although the government does not challenge the allocation of 288 attorney hours to this issue [1] (except for the time required because TGS retained new counsel for the appeal, a step that we do not deem unreasonable), the nature of the arrangement between TGS and its counsel was such that the fees actually incurred by TGS would not be known until after determination of quantum on remand.

TGS stated, in a recent letter of inquiry to this court, that the matter of quantum has now been settled between the parties. It thus appears that the fees incurred upon the contingent fee arrangement can be determined.

ACCORDINGLY, it is ORDERED that:

TGS is entitled to attorney fees under 28 U.S.C. § 2412(d). A supplemental petition stating the attorney fees incurred shall be filed with this court.

---

**1.** The government objects that contemporaneous time records were not filed with the petition. An itemized computation was filed showing the date, the hours expended, and an identification of the work done in each time increment. The documentation was sworn, in substantial detail, and in standard form; it is suffi-cient to determine the reasonableness of the charges. *See Beta Systems*, 866 F.2d at 1406–07; *Naporano Iron and Metal Co. v. United States*, 825 F.2d 403, 404–05 (Fed.Cir.1987).