**COMMUNITY HEATING & PLUMBING COMPANY, INC., Appellant,**

v.

**H. Lawrence GARRETT, III, Secretary of the Navy, Appellee.**

92–1362.

United States Court of Appeals, Federal Circuit.

Aug. 20, 1993.

Gary R. Boehlert, Watt, Tieder, Killian & Hoffar, McLean, VA, argued, for appellant. With him on the brief was Douglas C. Proxmire.

Dean L. Grayson, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued, for appellee. With him on the brief were Stuart M. Gerson, Asst. Atty.

Gen., David M. Cohen, Director and Martha H. DeGraff, Asst. Director, Washington, DC. Also on the brief was Ronald L. Fouse, Office of Gen. Counsel, Dept. of Navy, Washington, DC, of counsel.

Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.

## ORDER

BENNETT, Senior Circuit Judge.

Community Heating & Plumbing Company, Inc. (Community), applies for attorney fees and expenses in the amount of $137,-442.21, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1988), with respect to this court's rulings favorable to Community in *Community Heating & Plumbing Co. v. Kelso, Acting Secretary of the Navy*, 987 F.2d 1575 (Fed.Cir.1993). The application is granted in the amount of $58,-859.15.

In the initial action, Community filed seven separate claims with the Armed Services Board of Contract Appeals (board) against the government in connection with its contract to remove and replace the condensate and steam system located at the Marine Corps Air Station, Cherry Point, North Carolina. All seven of Community's claims were denied by the board. Six of the claims were denied after the board found that there had been an accord and satisfaction between the parties. 92–2 BCA (CCH ¶ 24,870, at 124,-051).

The board noted in its decision that, had there not been an accord and satisfaction, Community would have succeeded on the single claim related to lost labor productivity, ASBCA No. 40151. On review, we held that there had been no accord and satisfaction and reversed and remanded the denial of the lost labor productivity claim for the purpose of determining quantum. We upheld the rejection of the other six claims on other grounds.

█ The purpose of the EAJA is "to eliminate legal expenses as a barrier to challenges of unreasonable government action." *Ellis v. United States*, 711 F.2d 1571, 1576

(Fed.Cir.1983). Accordingly, the EAJA authorizes this court to award attorney fees and expenses incurred by contractors who prevail in litigation against the government provided the contractors do not exceed certain size and net worth limitations. 28 U.S.C. § 2412(d)(1)(A) (1988); 28 U.S.C. § 2412(d) (1988); 5 U.S.C. § 504 (1988). The government may escape liability for legal expenses if its actions were substantially justified or if special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A) (1988). The burden is on the government to present a substantial justification for its actions. *Pierce v. Underwood*, 487 U.S. 552, 575–76, 108 S.Ct. 2541, 2555–56, 101 L.Ed.2d 490 (1988); *Morris Mechanical Enters., Inc. v. United States*, 728 F.2d 497 (Fed.Cir.), *cert. denied*, 469 U.S. 1033, 105 S.Ct. 503, 83 L.Ed.2d 395 (1984).

█ As previously stated, the success of Community's claim for lost labor productivity depended directly upon the existence of an accord and satisfaction. On appeal, Community alleged that there could not have been an accord and satisfaction because the government continued to negotiate and audit Community's claims over a period of two and one-half years. In response, the government provided a chart in its brief indicating that there had been only a short period of time between the certification of Community's claims and their denial.

However, that chart proved somewhat misleading because it failed to disclose that several of the claims had previously been asserted and withdrawn by Community during the course of negotiations with the government. "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record.... 28 U.S.C. § 2412(d)(1)(B) (1988)." Here, the record contradicted the government's assertions. Nevertheless, the government maintained on appeal that Community should not recover on its lost labor productivity claim.

The government now reasons that its actions must have been substantially justified since the board had found the government's case convincing. However, the position of the government is not shown to be substan-

tially justified merely because the government prevailed before a lower tribunal. *Schuenemeyer v. United States,* 776 F.2d 329, 331 (Fed.Cir.1985); *Broad Ave. Laundry & Tailoring v. United States,* 693 F.2d 1387, 1392 (Fed.Cir.1982). In the absence of any further explanation, we hold that the government has failed to show that its actions were substantially justified. Community is therefore entitled to recover certain attorney fees and other expenses in connection with its one successful claim.

■ The government argues that Community's documentation is not sufficiently itemized to support an award of fees. We disagree. Sufficient documentation requires "contemporaneous records of exact time spent on the case, by whom, their status and usual billing rates, as well as a breakdown of expenses such as the amounts spent copying documents, telephone bills, mail costs and other expenditures related to the case." *Naporano Iron & Metal Co. v. United States,* 825 F.2d 403, 404 (Fed.Cir.1987); *Owen v. United States,* 861 F.2d 1273 (Fed.Cir.1988). Community's documentation represents "typical billing records," *Beta Sys., Inc. v. United States,* 866 F.2d 1404, 1406–07 (Fed.Cir. 1989), and provides enough information to meet the statutory requirements.

■ Under the theory of apportionment, a contractor who receives only a partial judgment is a "prevailing party" under the EAJA and may recover a pro rata portion of its fees and expenses. *Naekel v. Dep't of Transp., Fed. Aviation Admin.,* 884 F.2d 1378, 1379 (Fed.Cir.1989). Community presented documentation demonstrating that its attorneys spent approximately 30% of their time addressing the issue of accord and satisfaction. Moreover, Community asserts that the lost labor productivity claim was one of seven claims and thus constituted about 15% of the total action. Accordingly, Community seeks an award of 45% (30% plus 15%) of its total attorney fees. Community's reasoning is flawed. For example, consider that if it had been able to recover on all seven of its claims, based upon the above reasoning, Community would be entitled to receive 130% (30% plus seven sevenths or 100%) of its attorney fees.

The government argues that our award should be based upon the ratio of successful claims to total claims or in this case one-to-seven (15%). Thus, the government would limit the award of attorney fees to 15% of the total amount. This calculation underestimates the actual expenses incurred by Community in addressing the lost labor productivity claim as indicated by the documentation provided.

To recover on its lost labor productivity claim, Community had to refute the government's allegations of accord and satisfaction. Once that issue was overcome, Community was entitled to recovery. The documentation indicates that Community's attorneys devoted 30% of their time to the accord and satisfaction issue. Community is therefore entitled to 30% of its total attorney fees.

Under the EAJA, a party may not recover fees in excess of $75 per hour "unless the court determines that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (1988). Community makes no attempt to argue that its attorneys are somehow entitled to a higher rate. We have therefore recalculated Community's attorney fees based upon a rate of $75 per hour. *See Beta Sys., Inc.,* 866 F.2d at 1407.

■ Community also seeks to recover the charges associated with one expert and two consultants. The government concedes the charges for the expert, but contests Community's request for recovery connected with the two consultants. We cannot base awards under the EAJA on unsupported assertions. *Naporano Iron & Metal Co.,* 825 F.2d at 403. Due to the lack of reasonably specific documentation concerning the actual work done by the consultants in connection with the lost labor productivity claim, we deny Community's request for recovery associated with those two experts.

As for Community's request for expenses and charges for non-attorney staff (paralegals, etc.) we find Community's documentation sufficient and therefore award 30% of the amount requested.

## SUMMARY

Attorney fees (1,847.2 hrs. × $75/hr.) ..........................   =   $138,540.00
Nonattorney staff (paralegals, etc.) ............................   +    10,321.25
Expenses .......................................................   +    24,664.08

Sum ...........................................................        $173,525.33
                                                                  ×           30 %

Subtotal                                                               $ 52,057.60
Charges for expert (Mr. Rose) ................................   +     6,801.55

Total .........................................................        $ 58,859.15

Since there is no indication by Community that it incurred any attorney fees on a contingency fee arrangement, there is no reason to delay this order pending the board's resolution of quantum.

Accordingly, IT IS ORDERED THAT:

(1) The application for attorney fees and other expenses of Appellant Community Heating & Plumbing Company, Inc., is granted; and (2) reasonable attorney fees and other expenses are awarded in the amount of $58,859.15.