**George C. JENSEN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 90–661.

United States Court of Veterans Appeals.

Aug. 30, 1996.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

## ORDER

PER CURIAM.

On August 15, 1995, the Court dismissed the appellant's Equal Access to Justice Act (EAJA) application on the ground that the Court did not have jurisdiction over the application because the appellant had failed to state, before the 30–day filing period had expired, that he was a party eligible for an EAJA award or that he met the net-worth criteria for showing that eligibility. *Jensen v. Brown*, 8 Vet.App. 140 (1995) (per curiam order). On December 8, 1995, the Court ordered the Court's August 15, 1995, order revoked and the case held in abeyance pending the Court's en banc review on the issue of the Court's jurisdiction over EAJA applications in the consolidated cases of *Hamilton v. Brown*, No. 92–1260, *Bazalo v. Brown*, No. 93–660, and *Burke v. Brown*, No. 94–49. *Jensen v. Brown*, 8 Vet.App. 364 (1995) (per curiam order). Recently, the Court issued its consolidated opinion in *Bazalo v. Brown*, 9 Vet.App. 304 (1996).

██ In *Bazalo*, the Court held that an appellant must submit an EAJA application that meets each of the jurisdictional requirements set forth in 28 U.S.C. § 2412(d)(1)(B) within the statutory 30–day filing period. *Bazalo*, 9 Vet.App. at 306. "[T]he requirements for a complete, non-defective EAJA application are: (1) a showing that the appellant is a prevailing party; (2) a showing that the appellant is eligible for an award; (3) an allegation that the government's position is not substantially justified; and (4) an itemized statement of the fees sought." *Id.* at 308; *see Lematta v. Brown*, 8 Vet.App. 504 (1996). After the expiration of the 30–day filing period, an appellant may not complete his defective application. *Bazalo*, 9 Vet.App. at 308. Unless all of the jurisdictional requirements are met within the 30–day filing period, the Court cannot consider an EAJA

application and award EAJA fees. *Id.* at 306.

■ In this case, the appellant's timely filed EAJA application did not show that he was a party eligible for an EAJA award. *See Jurgens v. Brown,* 8 Vet.App. 197, 199 (1995); *Golliday v. Brown,* 7 Vet.App. 249, 253 (1994); *Stillwell v. Brown,* 6 Vet.App. 291, 298 (1994). An appellant may show that he is an eligible party by stating that his net worth at the time the appeal was filed did not exceed $2 million or by referencing an in forma pauperis ruling. *Bazalo,* 9 Vet.App. at 310. In the present case, after expiration of the 30–day filing period, the appellant filed a motion to amend his EAJA application to add a statement, supported by an attached affidavit, that his net worth was less than the EAJA statutory maximum. As the appellant did not show that he is an eligible party within the 30–day filing period, he did not satisfy the jurisdictional requirements of EAJA. *Bazalo, supra.*

On consideration of the foregoing, it is

ORDERED that the stay issued in the Court's December 8, 1995, order is dissolved. It is further

ORDERED that the appellant's application for reasonable attorney fees and expenses is DISMISSED.

STEINBERG, Judge, concurring:

The appellant timely filed his Equal Access to Justice Act application on February 3, 1995. On February 8, 1995, a few days after the 30–day filing period under 28 U.S.C. § 2412(d)(1)(B) had expired, he filed a motion to amend his application to include an affidavit that his net worth was less than $2 million at the time he filed his appeal.

I am constrained by the Court's opinion in *Bazalo v. Brown,* 9 Vet.App. 304 (1996), and must concur in the majority opinion dismissing this appeal. However, as explained in my dissenting opinion in *Bazalo,* 9 Vet.App. at 312–19, I feel that the better rule would be to allow the supplementation, as was done in *Dunn v. United States,* 775 F.2d 99 (3d Cir.1985). The Third Circuit's rationale in *Dunn* for allowing supplementation was that there is a distinction between the "filing" requirement of section 2412(d), which merely requires a filing sufficient to put the government on notice that EAJA fees are being sought, and the "pleading" requirements, because "[t]he two requirements serve different purposes." *Id.* at 103. The filing requirement serves the purposes of "finality and reliance", whereas the pleading requirements serve as "fleshing out of the details". *Id.* at 104. Thus, "absent prejudice to the government or noncompliance with court orders for timely completion of the fee determination", the Third Circuit has held that a petition to supplement an EAJA application will be allowed. *Ibid.*

*Dunn* itself concerned a timely-filed application that "mention[ed] neither a specific amount of fees requested, nor an itemized statement of the actual time expended and the rate at which fees and expenses are computed." *Id.* at 101. Supplementary affidavits with itemized fee statements were filed within three weeks after the 30–day time limit had expired. *Id.* at 102. In the instant case, just as in *Dunn,* the government was adequately put on notice by the timely EAJA application filing, and would not have been prejudiced by the Court's granting of the appellant's motion to supplement filed five days later.