**Luis GUZMAN–DIAZ, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 96–84.

United States Court of Veterans Appeals.

April 29, 1997.

As Amended May 7 & June 6, 1997.

Before KRAMER, FARLEY, and STEINBERG, Judges.

## ORDER

PER CURIAM.

On April 17, 1996, the Court granted the parties' joint motion to remand this appeal to the Board of Veterans' Appeals. Pursuant to Rule 41(b) of the Court's Rules of Practice and Procedure, the Court's order constituted the mandate of the Court.

On May 10, 1996, the appellant filed an application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C § 2412(d). Included as part of the application was the following itemized statement:

4. *Amount Sought.* The legal fees sought on this application cover legal advice and services rendered since February 13, 1996, when I was first contacted by Appellant, to the date hereof including preparation and review of appeal documents, phone conferences with Appellant, Counsel for Appellee and Clerk of the Court, and preparation of EAJA documentation. Time spent equals 15.1 hours. The present statutory hourly rate equals

$125.00. Thus, the EAJA fee requested is $1,887.50.

In a motion filed on May 29, 1996, the Secretary requested a stay of further proceedings pending the Court's resolution of other cases pertaining to the elements that must be part of an application for EAJA fees. In his opposition to the Secretary's motion (Response), filed on June 10, 1996, the appellant argued that the issues presented in the other cases had no bearing upon his application. In addition, the appellant's counsel submitted with the Response "my contemporaneous time sheet which supports the itemization in paragraph 4 of my initial application." Appellant's Response at 2. The Court granted the Secretary's motion, and this matter was stayed until November 6, 1996.

On November 20, 1996, the Secretary filed a motion to dismiss the appellant's EAJA application. In his motion, the Secretary argued that the application was jurisdictionally defective because it did not include an itemized statement of the fees sought. On December 3, 1996, the appellant filed a motion for a conference pursuant to Rule 33. In a single-judge order dated December 13, 1996, this Court held the appellant's motion for a conference in abeyance and directed the appellant to show cause why the application for attorney fees and expenses should not be dismissed. The appellant filed a response to the Court's order on December 26, 1996. Thereafter, the matter was referred to this panel for disposition.

In *Bazalo v. Brown,* the Court held that an appellant must submit an EAJA application that meets each of the jurisdictional requirements set forth in 28 U.S.C. § 2412(d)(1)(B) within the statutory 30-day filing period. 9 Vet.App. 304, 306 (1996) (en banc). The requirements for a complete, nondefective EAJA application are: (1) a showing that the appellant is a prevailing party; (2) a showing that the appellant is eligible for an award; (3) an allegation that the government's position was not substantially justified; and (4) "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C.

§ 2412(d)(1)(B); *see Bazalo,* 9 Vet.App. at 308. Unless all of the jurisdictional requirements are met within the 30–day filing period, the Court cannot consider an EAJA application and award EAJA fees. *Id.* at 306. After the expiration of the 30–day filing period, an appellant may not complete his defective application. *Id.* at 306, 310. However, "timely pleadings addressing each of the requirements of EAJA may be amended or supplemented as deemed necessary by the Court or by the parties." *Id.* at 310.

■ The appellant's initial itemized statement of the fees sought in his EAJA application stated "the actual time expended" and "the rate at which fees and other expenses were computed," and grouped all of the services rendered by the appellant's counsel into broad categories. The application provided the categories without indicating what part of the 15.1 hours was expended for each separate task or identifying the work done in each time increment. However, the fact that only 15.1 hours were claimed, and that the rate and categories were given, constitutes a contextual reference of sufficient precision to satisfy the jurisdictional requirement of *Bazalo.* Unlike the Secretary and our dissenting colleague, we simply do not believe that the itemization initially submitted by the appellant is so lacking in detail that the application must be dismissed as "seriously deficient" under *Bazalo.* To the extent that additional information may be necessary or helpful for the Court to be able to reach a determination on the reasonableness of the fees once it has jurisdiction to consider an application, it can be provided, as here, by amendment or supplementation. *Ibid.* The Court concludes, therefore, that the appellant's application for attorney fees and expenses meets the jurisdictional requirements of the EAJA, that it was timely filed, and that the Court has jurisdiction to consider the application. Moreover, the appellant's Response was a permissible supplementation of his timely EAJA application.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss the appellant's EAJA application is DENIED. It is further

ORDERED that this appeal is returned to the single judge for disposition of all remaining issues, including the appellant's motion for a Rule 33 conference.

STEINBERG, Judge, concurring:

I join in the Court's order but write separately to set forth my reasons for doing so and to respond to the thoughtful dissenting statement of Judge Kramer.

### I.  Introduction

I start with a certain aversion to dismissing applications under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on jurisdictional grounds, especially when I believe that the government has been put on notice in timely fashion of the basis for the application and the amount sought. My position in these respects has been set forth twice in *Bazalo v. Brown* and in two other cases.[1] In essence, I believe that this Court, when it issued *Bazalo,* started down the wrong jurisdictional road, contrary to the weight of federal precedent—scanty though it may have been.[2] Rather, the Court should have followed the holding of the Third Circuit in *Dunn v. United States,* 775 F.2d 99, 104 (3rd Cir.1985), that, "absent prejudice to the government or noncompliance with court orders for timely completion of the fee determination", supplementation of a timely-filed EAJA application with detailed information regarding attorney fees will be allowed after the 30–day period because that information is not jurisdictional but fulfills a pleading requirement.

I am against dismissal of the EAJA application here because within 30 days after final judgment the appellant had filed an EAJA application that facially met the statutory requirements and shortly thereafter provided detailed fee information sufficient to deter-

---

1. *Bazalo v. Brown,* 9 Vet.App. 304, 312–19 (1996) (en banc) (Steinberg, J., concurring in part and dissenting in part) *mot. for rev. en banc den.,* 10 Vet.App. 154 (1997) (Steinberg, J., dissenting); *Jensen v. Brown,* 9 Vet.App. 333, 334 (1996) (per curiam order) (Steinberg, J., concurring), and *Owens v. Brown,* 10 Vet.App. 65, 67 (1997) (Steinberg, J., concurring).

2. *See Bazalo, supra* note 1, at 313–15.

mine the reasonableness of the fees and expenses sought. However, were the caselaw from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), whose precedents are binding on this Court, clearly to the contrary as to the permissibility of itemization supplementation outside the 30–day period, I would be compelled to follow it. Hence, I have undertaken an analysis of the applicable caselaw in the Federal Circuit and, for the reasons set forth below, find that that court has not spoken directly to the jurisdictional issue before us in this case. I would hope that if the Circuit ever does so it will rule in a way that sanctions the result that the Court reaches today in this case.

## II. Analysis

### A. Federal Circuit and Other Relevant Precedent

At the outset, it should be noted that the Federal Circuit authority cited in the dissent and the cases that I have found on the EAJA "itemized statement" question—with the exception of *Dunn, supra,* and *FDIC v. Addison Airport of Texas, Inc.,* 733 F.Supp. 1121 (N.D.Texas 1990) (discussed in part II.A.2., below), which support directly the Court's decision here—are best understood as coming in the context of a court's determining the reasonableness of the fees to be awarded (the EAJA calls for the award of "reasonable attorney fees", 28 U.S.C. § 2412(d)(1)(A),(2)(B)). Based on this caselaw, I conclude that the specificity necessary for jurisdictional purposes is not the same as is required for a determination on reasonableness and that, as to the latter, prompt supplementation (that is, filing, outside the 30–day period, documentation in support of the fees sought) is permissible.

*1. No Jurisdictional Language.* In *Naporano Iron and Metal Co. v. United States,* 825 F.2d 403 (Fed.Cir.1987), the Federal Circuit noted that the fee itemization in the documentation accompanying the EAJA application consisted of (1) counsel's affidavit

stating the total fees sought ($117,490) and the "average" hourly rate, and (2) periodic billings to the client that stated only the time period for which the client was being billed and the total fee for that period, and described the legal services provided only as "In all". *Id.* at 404. The Federal Circuit affirmed the trial court's denial of fees under the EAJA, stating that "such a showing is inadequate to support an award of attorneys' fees" and that it needed "contemporaneous records of *exact time spent on the case, by whom, their status and usual billing rates* " and that in the absence of "such an itemized statement" it could not determine whether the hours, fees, and expenses were "reasonable". *Ibid.* (emphasis added). Significantly, the attorney there did *not* provide the following: Any categories of tasks performed (that is, there was no indication as to *any* "specific task"; the billing sheets stated only "In all"); the total number of hours spent on the case; or a statement as to who had worked on the case (the "average" billing rate was given, thereby suggesting more than one person) and their billing rates. Moreover, it is important to note that the Federal Circuit did not dismiss the application under the Equal Access to Justice Act (EAJA), which would be the appropriate remedy if the court did not have jurisdiction over the application. The court's affirmance of the trial court's denial of the application suggests that neither court viewed the lack of sufficient documentation as a jurisdictional defect.

In *Naporano,* the court did not *hold* that itemization required specific time allotments relating to a specific description for every task performed. Although the language from *Naporano* that is quoted by Judge Kramer [3] shows that the Federal Circuit favors the submission of contemporaneous records of attorney time showing time spent for "individual items" in order to determine the reasonableness of the number of hours, the

---

3. The quoted language is:

We disagree, as did the trial court, that the statutory requirement for an "itemized statement" of work has so little substance. Only by knowing the specific task performed can the reasonableness of the number of hours required for any individual item be judged. The

statute does not permit an interpretation that an unreasonable charge for an item is somehow made reasonable by the total amount requested.

*Infra* at 241, order at 10 (Kramer, J., dissenting) (quoting *Naporano Iron and Metal Co. v. United States,* 825 F.2d 403, 404 (Fed.Cir.1987)).

quoted statement is not a holding applicable on the facts of our case because the attorney submission there consisted of only the "total amount" of fees requested with absolutely no description of any tasks. The Federal Circuit did not state that contemporaneous time records are needed in order to meet an EAJA jurisdictional requirement.[4]

In the instant case, the appellant gave a description of the tasks performed (albeit broad categories), the total number of hours spent, and the billing rate (no ambiguous word used such as "average"), thereby providing much more information in his EAJA application than did the appellant in *Naporano*.

In *Owen v. United States*, the Federal Circuit applied the *Naporano* holding that in determining the reasonableness of the fees claimed under the EAJA the following was necessary: "[C]ontemporaneous records of the exact time spent by attorneys on a case, their status and usual billing rates, and a breakdown of expenses". *Owen v. U.S.*, 861 F.2d 1273, 1275 (Fed.Cir.1988) (per curiam). In *Owen*, the court stated in conclusion that the application was "deficient on its face under the EAJA for lack of specificity" where the fee claim had consisted of the total amount sought (broken down into four subtotals), more than 400 hours (broken down into three groupings, hours of 150, 140, and 145 hours), the billable rates, and a very brief description of the work performed for both senior counsel ("research and factual investigation and brief preparation") and associate

counsel ("research and preparation of brief and submission of costs").[5] *Ibid.*

It is admittedly difficult to distinguish the facts in *Owen* from those in the instant case; in both cases the EAJA application contained a very brief description of the work performed and no specification relating the specific task to the time spent. Moreover, the use of "on its face" in the *Owen* opinion might be read as connoting a jurisdictional finding. However, because the Federal Circuit did not refer to its grounds as jurisdictional (that is, did not discuss the thirty-day time period), in its analysis nowhere cites to the statute (28 U.S.C. § 2412 is referenced only in the opening sentence describing the EAJA application made to the Circuit), and did not discuss the option of supplementation, I do not find that it constitutes controlling precedent on the jurisdictional issue presently before us. Moreover, in *Owen*, the Federal Circuit clearly had two other alternative grounds for denying the application. The court stated: "[T]he present motion is fatally flawed for three reasons." *Owen*, 861 F.2d at 1275. It found the position of the United States to be substantially justified, and it found that the appellant was not then a prevailing party.[6] The lack of itemization was the third ground given. Hence, the most reasonable reading of the concluding paragraph of the opinion, which uses the "on its face" phrase, is that the court was referring to all three grounds, not, as the dissent suggests, to the itemization ground alone.

**4.** The sentence that follows the quotation in note 3 above is: "The statutory consent to fee awards requires specificity for an award to be made at all." Although this can be read as connoting a jurisdictional requirement, the opinion, after an initial cite to 28 U.S.C. § 2412(d)(1)(A),(2)(B), does not cite the statute at this point or any other, and, as pointed out in the text, above, affirms the Claims Court's *denial* of the application, not a dismissal.

**5.** In deciding, in the first instance, the motion for attorney fees under the EAJA, the Federal Circuit stated: "We deny and dismiss the motion." *Owen v. United States*, 861 F.2d 1273, 1274 (Fed. Cir.1988). The court did not just dismiss the motion; a dismissal, without a denial, would indicate that the basis for the Circuit's action was jurisdictional. The court gave three grounds

for denying and dismissing the motion: (1) The position of the government was substantially justified; (2) there was no prevailing party; and (3) there was insufficient documentation to determine the reasonableness of the fees claimed. There is no indication in the court's opinion as to why the motion was *both* denied and dismissed or as to the parts of the motion that were denied, as opposed to being dismissed.

**6.** *Owen*, 861 F.2d at 1275 (citing *Pierce v. Underwood*, 487 U.S. 552, 564–66, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Austin v. Department of Commerce*, 742 F.2d 1417 (Fed.Cir.1984); *Hanrahan v. Hampton*, 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980); and *Naporano Iron & Metal Co.*, 825 F.2d 403).

In *TGS Int'l, Inc. v. United States*, the Federal Circuit held that contemporaneous time records were not required to be filed with the EAJA application and that an "itemized computation ... showing the date, the hours expended, and an identification of the work done in each increment" was "sufficient to determine the reasonableness of the charges". *TGS Int'l, Inc. v. U.S.*, 983 F.2d 229, 230 n. 1 (Fed.Cir.1993). *TGS Int'l* did **not** involve a jurisdictional challenge to the application but rather a determination as to whether contemporaneous time records were required, as contended by the government, in order for the court to determine "the reasonableness of the charges". *Ibid.* The opinion does' not identify the issue as whether those records or the submitted documentation had to be filed within the statutory 30–day time period. The court neither discussed the term "itemized statement" as used in the EAJA nor referred to what was jurisdictionally required.

Finally, citing *Naporano, supra*, and *Beta Systems, Inc. v. United States*, 866 F.2d 1404 (Fed.Cir.1989) (discussed in part II.A.2, below), the Federal Circuit in *Community Heating & Plumbing v. Garrett*, 2 F.3d 1143, 1146 (Fed.Cir.1993), held that the attorney-fee documentation in the application was sufficiently itemized to support an award of fees. In quoting *Naporano*, the court concluded: "Sufficient documentation requires 'contemporaneous records of exact time spent on the case, by whom, their status and usual billing rates, as well as a breakdown of expenses....'" *Ibid.* Citing *Beta Systems*, the court noted that the documentation submitted represented "typical billing records". *Ibid.* The court did not use the language from *Naporano* quoted by Judge Kramer. The court once again made no use of the word 'jurisdictional' and instead stated that the documentation must be sufficiently itemized "to support an award of fees". *Ibid.*[7]

*2. Supplementation of EAJA Application.* The closest that the Federal Circuit has come to deciding the supplementation question is its holding, subsequent to *Naporano*, in *Beta Systems, Inc.*, 866 F.2d at 1406, that if the court is unable to determine the reasonableness of the fees based on the original submission of information in the EAJA application, it can request supplementation. In *Beta Systems*, the court found that the appellant was entitled to EAJA attorney fees and expenses after time and expense documentation had been provided in a supplemental pleading. The court stated:

> The government asserts that the submitted time and expense documentation is insufficiently detailed. These figures have been amended and supplemented with additional time sheets, **filling a gap identified by the government.** They are typical billing records, showing time and charges, a description of the work done, and by whom. The accounting comports with the statutory and case law for such records; the government's generalized objection lacks substance.

*Id.* at 1406–07 (emphasis added). Although the court did not identify when the original EAJA application was filed and when the supplemental time sheets were submitted, it is clear that the court allowed the additional time sheets by an amendment to the original EAJA application and did so after the government had filed a pleading asserting that the requisite specificity was lacking. *See ibid.* This timing sequence strongly suggests that the supplementation occurred after the 30–day period had expired. Moreover, the court's description of the time sheets as showing time and charges and a description of the work done and by whom, did not also indicate that each specific task performed had to be tied to a specific number of hours or that that relationship had to be shown in the original EAJA application, rather than by supplementation.

Only one Federal Circuit case (other than *Beta Systems, supra*) has specifically recognized the option of supplementing the EAJA application with detailed information regard-

---

7.  In the one EAJA case where the Federal Circuit made some allusion to what might be a jurisdictional factor, the court, after having examined the language of the statute and the amendments to it and specifically noting that the term in question was not defined in the EAJA, held that the trial judge had erred as a matter of law in interpreting the words "civil action" in 28 U.S.C. § 2412(d)(1)(A). *Levernier Constr., Inc., v. United States*, 947 F.2d 497 (Fed.Cir.1991).

ing the fees sought.[8] In *J.M.T. Machine Co. v. United States*, the Federal Circuit discussed *Dunn*, 775 F.2d at 99. *J.M.T. Machine Co. v. U.S.*, 826 F.2d 1042, 1048 (Fed. Cir.1987). However, the court in *J.M.T. Machine Co.* was describing *Dunn* to show how the appellant's reliance on that case had been misplaced because the facts made *Dunn* distinguishable. The lack of any commentary by the Federal Circuit disapproving the holding in *Dunn* seems to suggest the court's possible openness to *Dunn* if the factual situation made that case applicable. The court described *Dunn* as follows:

> In *Dunn* the plaintiff had filed a timely petition for attorney fees under the EAJA and *had included therein the allegations and statements required by the statute, except for detailed information regarding the fees.* The Third Circuit Court ruled that this omission was not a jurisdictional but a pleading requirement that could be supplied later as long as a timely application had been filed for attorney fees under the EAJA.

*Id.* at 1048 (emphasis added). Because the appellant failed to submit a timely application in *J.M.T. Machine Co.* (filing 209, not 30, days after final judgment), the Federal Cir-

cuit found *Dunn* "clearly distinguishable". *Ibid.* I continue to believe that the reasoning in *Dunn* is correct.[9]

General federal authority on point (in addition to *Dunn*, discussed in part I., above) includes *FDIC*, 733 F.Supp. 1121, and *Taylor Group, Inc. v. Johnson*, 919 F.Supp. 1545 (M.D.Ala.1996). In *FDIC*, the U.S. District Court in Dallas, Texas, relied on *Dunn*, *supra*, and held that a *post-application-period* filing of detailed proof of claimed attorney fees was an effective amendment to an earlier-filed section 2412(d) timely application. *FDIC*, 733 F.Supp. at 1124–25. The court implied that three "procedural requirements" had been met in the initial application[10] and held that the supplement, which had been filed approximately four months after an award of attorney fees was initially sought, provided "the court the *Johnson* analysis necessary to make a proper § 2412(d) determination." *Id.* at 1125. The "*Johnson* analysis" referred to by the court consisted of guidelines set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir.1974), to assist in reviewing the reasonableness of an award of attorney fees.[11]

---

**8.** In *Levernier, supra* note 7, the Claims Court had allowed the applicant to submit, with a motion for reconsideration of an initial EAJA application denial based on a failure to document its claim specifically, a supplementation that "gave an itemized breakdown". 947 F.2d at 499. Although dates are not given in the opinion, it seems clear that the supplementation was filed after the 30–day application period had expired following the Claims Court's final judgment. Because it concluded that the fees sought were for work in connection with a contract claim to the agency and were not part of the "judicial proceedings", *id.* at 503, the Circuit stated in a footnote: "We do not here review the propriety of the trial judge's allowance of Levernier's supplemental documentation with its motion for reconsideration." *Id.* at 502 n. 4.

**9.** *See Jensen*, 9 Vet.App. at 334 (Steinberg, J., concurring) (noting that better rule would be to allow supplementation after 30–day filing period as to appellant's net worth); *Bazalo*, 9 Vet.App. at 312–19 (Steinberg, J., concurring in part and dissenting in part).

**10.** The court stated:
> The application must be filed within 30 days of final judgment in the action and must allege that the position of the United States was not

substantially justified. Moreover, the application must show that the party seeking the award is eligible to receive an award. To be eligible, [the applicant] must not have had a net worth in excess of $7 million at the time suit was filed and must not have employed more than 500 employees.

*FDIC v. Addison Airport of Texas, Inc.*, 733 F.Supp. 1121, 1124 (N.D.Tex. 1990) (citations omitted).

**11.** In reviewing the basis upon which an attorney fee is awarded, the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, described the following factors that are to be considered: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill needed to perform the legal services provided; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974).

In *Taylor Group, Inc.,* the U.S. District Court in Alabama held that fee statements in a supplemental application were sufficiently detailed to be acceptable under the EAJA. *Taylor Group, Inc.,* 919 F.Supp. at 1554. The court distinguished *Naporano* and found sufficient the statements submitted as to each individual attorney's time by date and noting the specific task and "the total hours spent in those activities combined". *Ibid.* The court stated that it "does not find fatal the fact that each specific line item does not state the exact number [of] hours performed for that activity." *Ibid.* Although the supplement was filed a little more than two weeks after the original EAJA application, it is unclear from the facts stated in the decision whether the supplemental information had been submitted outside or inside the 30–day period.

I therefore conclude that neither Federal Circuit precedent nor other federal caselaw excludes fee-itemization supplementation submitted outside the 30–day EAJA-application jurisdictional period where an EAJA application meets the statutory requirements except the detailed information necessary to determine the reasonableness of the fees and expenses sought. *See J.M.T. Machine Co., supra.*

### B. Supreme Court Precedent

Finally, although the Supreme Court's decision in *Hensley v. Eckerhart* came in a civil rights case with multiple claims where the petitioners were successful on some but not all the claims and sought attorney fees under 28 U.S.C. § 1988, it nevertheless set forth standards and guidelines that the Supreme Court stated were "applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983); *see McDonald v. Secretary of HHS,* 884 F.2d 1468, 1479 (1st. Cir.1989) (concluding that it was appropriate to look to *Hensley* in applying section 1988 jurisprudence to EAJA cases "involving mixed bags of claims—some successful, some not"). The Supreme Court stated in *Hensley:*

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court **may reduce the award** accordingly.

*Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939 (emphasis added). In noting that an applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims", the Court stated:

We recognize that there is no certain method of determining when claims are "related" or "unrelated". Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.

*Id.* at 437 n. 12, 103 S.Ct. at 1941 n. 12. *Hensley* offers instructive standards that seem to be flexible, providing courts with much discretion in determining the reasonableness of attorney fees and suggesting that where insufficient specificity in support of an award is given, courts may use their discretion to **reduce** the award (rather then dismissing the claim altogether). *Id.* at 433–37, 103 S.Ct. at 1939–41; *see Raton Gas Transmission Co. v. F.E.R.C.,* 891 F.2d 323, 330–331 (D.C.Cir.1989) (relying on *Hensley, supra,* in exercising discretion to reduce fee award where description not given as to amount of time spent on each issue); *see also McDonald, supra.*

### III. Conclusion

For the foregoing reasons, I cannot agree with Judge Kramer's dissenting statement and his call for a hard rule applicable to every case, regardless of individual circumstances, on exactly what degree of specificity as to itemization of fees is needed within 30 days after final judgment is entered. Rather, I conclude, based on the caselaw analysis

herein, that the Court may properly permit the fee-itemization supplementation submitted here where the initial EAJA application was timely filed and contained "the allegations and statements required by the statute, except for detailed information regarding the fees". *J.M.T. Machine Co.*, 826 F.2d at 1048 (describing *Dunn, supra*). Provided that the Court, should it find an EAJA award merited, does not award EAJA fees based only on the attorney-fee submission in the original EAJA application, but rather finds that the supplement provided the specificity needed to determine fee reasonableness, I think the Court would not be acting contrary to the Federal Circuit's rulings were we ultimately to award EAJA fees in this case.

KRAMER, Judge, dissenting:

As indicated by the majority, a necessary jurisdictional requirement for a non-defective EAJA application is an "itemized statement." In the instant matter, the appellant's application appears to include only *some*, but not all, of the services rendered by the appellant's counsel. These services are then grouped only into broad categories without indicating the hours expended for each separate task or identifying the work done in each time increment. *See* Appellant's EAJA Application at 2 (*"Amount sought. ... including* preparation and review of appeal documents, phone conferences with Appellant, Counsel for Appellee and Clerk of the Court, and preparation of EAJA documentation" (second emphasis added)).

In *TGS Int'l v. United States*, 983 F.2d 229, 230 n. 1 (Fed.Cir.1993), the Federal Circuit concluded that sufficient itemization was present where " [a]n itemized computation was filed showing the date, the hours expended, and an identification of the work done in each time increment." Simply put, the appellant's application is not broken down into discrete dates, the hours expended for each date, and the work done "in each time increment." *See Naporano Iron and Metal Co. v. United States*, 825 F.2d 403, 404–05 (Fed.Cir.1987).

In addition, in *Naporano Iron and Metal Co.*, the Federal Circuit, in holding that an EAJA application lacked sufficient itemization, stated:

> We disagree, as did the trial court, that the statutory requirement for an 'itemized statement' of work has so little substance. Only by knowing the specific task performed can the reasonableness of the number of hours required for any individual item be judged. The statute does not permit an interpretation that an unreasonable charge for an item is somehow made reasonable by the total amount requested.

825 F.2d at 404; *see also Owen v. United States*, 861 F.2d 1273, 1275 (Fed.Cir.1988) (citing *Naporano* with approval and finding an EAJA application that summarizes work performed and hours expended to be "deficient on its face under the EAJA for lack of specificity."). Once again, the appellant's application does not relate "a specific task performed" to "the number of hours required" with respect to that task.

Finally, Rule 39(b)(3) of the Court's Rules of Practice and Procedure, which was in effect at the time the appellant filed his application (but was later repealed by an order following *Bazalo v. Brown*, 9 Vet.App. 304 (1996) (en banc)), mandated the kind of discrete itemization referenced by the Federal Circuit in *TGS* and *Naporano* by requiring "an itemized statement from the appellant's attorney as to each type of service which was rendered, describing" its "nature" and the "actual time expended" for each such service.

While the majority recognizes that the appellant's application failed to "indicat[e] what part of the 15.1 hours was expended for each separate task or identify[ ] the work done in each time increment," it justifies such failure by stating that "the fact that only 15.1 hours were claimed constitutes a contextual reference of sufficient precision to satisfy the jurisdictional requirement of *Bazalo*." Attorneys, however, should be put on fair notice as to what is required to have a timely filing. I do not believe that ad hoc determinations regarding the sufficiency of itemization based on the number of hours claimed, such as provided by the majority here, are in the best interests of that principle. For example, at what point would the majority acknowledge that Guzman–Diaz had a defec-

tive application? How many more zeros after time expended and fees sought would it take before the majority would recognize that "a contextual reference of sufficient precision" no longer existed?

Guzman–Diaz does not meet the requirements set forth by *TGS, Naporano, Bazalo,* or Rule 39(b)(3). As a consequence, I would dismiss the application. I respectfully dissent.