**Gary M. CHESSER, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 96–688.

United States Court of Veterans Appeals.

June 18, 1998.

Before IVERS, STEINBERG, and GREENE, Judges.

**ORDER**

PER CURIAM:

The appellant appealed through counsel a February 27, 1996, decision of the Board of Veterans' Appeals (BVA or Board) that found no clear and unmistakable error (CUE) in a November 1969 Veterans' Administration (now Department of Veterans Affairs) regional office decision and that granted a 10% rating for each of two disabilities.

On July 29, 1997, the Court granted a joint motion to remand the CUE matter and to dismiss as to the other issues. This case is presently before the Court pursuant to an August 11, 1997, application for an award of $15,619.99 in attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary has filed a response to the appellant's EAJA application, and the appellant has filed a reply (on January 9, 1998). Amici curiae, the National Organization of Veterans Advocates (NOVA) and the National Veterans Legal Services Program (NVLSP), have each filed briefs. The Secretary concedes entitlement to EAJA fees and expenses but contests the reasonableness of the fee amount requested. Oral argument was held on June 2, 1998, at which time counsel for the Secretary, the appellant, NOVA, and NVLSP all made presentations.

■ The primary matter before the Court is the reasonableness of the EAJA fees sought by the appellant. *See Uttieri v. Brown*, 7 Vet.App. at 415, 418 (1995) ("[o]nce a claimant has met the predicate requirements for an award of EAJA fees, the Court is still faced with the question of ... what constitutes a 'reasonable' fee"). In determining the reasonableness of EAJA fees sought, the Court will look, inter alia, at the hours expended and the rate sought for those hours, whether the work was duplicative, unorganized, or unproductive, the experience of the attorney, whether the appellant prevailed on all claims, and whether the level of success on the claims on which he or she did prevail comports with the hours claimed. *See Ussery v. Brown*, 10 Vet.App. 51, 53 (1997); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983); *id.* at 436, 103 S.Ct. at 1941 (when "plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount ... even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith"); *Sandoval v. Brown*, 9 Vet.App. 177, 180–81 (1996); *Vidal v. Brown*, 8 Vet.App. 488, 492–93 (1996); *Elcyzyn v. Brown*, 7 Vet.App. 170, 176–78 (1994); *cf. id.* at 177 (declining to reduce as unreasonable hours sought for "tasks such as

review of records, client interview time, and general case documentation preparation", even though position of United States was substantially justified as to one of the claims on which appellant prevailed, because "[a]ll of the general case management is inextricably linked to the preparation of the entire case and there is no basis for an equitable apportionment" but reducing hours claimed for "research, draft[ing], and assembl[ing] the appellant's amended brief" by the proportion of those hours that the Court deemed to have been "spent on the ... claim where the position of the United States was substantially justified").

■ In accordance with section 2412(d)(1)(B), the appellant attached to his EAJA application "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed", 28 U.S.C. § 2412(d)(1)(B). That statement itemizes the hours expended and the work performed daily but does not further specify the amount of time expended on individual tasks when more than one was performed on a particular day—which is the situation as to 17 of the 44 days listed. For instance, the counsel for the appellant claims five hours of work on March 12, 1997, for review and research related to the designation of the record on appeal (DOR), for review of the Board decision on appeal, and for review of the screening memorandum prepared by the Veterans Consortium Pro Bono Program (Program); he also claims five hours of work on April 4, 1997, for research, review of the DOR and claims file, writing of a chronology, and telephone calls to the Program and the veteran. Additionally, there is some confusion in the itemization created by the terminology chosen by the appellant: He refers, alternately, to review of the DOR, review of the veteran's "30-year medical records files", and review of the "veteran's file". Finally, the itemization frequently refers in a generic manner to "research" without specifying the matters on which research time was expended. Because of this lack of specificity, the Court is unable to determine how much time was expended upon particular tasks and to what extent research and review of the DOR and the claims file and/or other

records may have involved duplicative, unorganized, or unproductive work. In *Guzman–Diaz v. Brown*, the Court held: "To the extent that additional information may be necessary or helpful for the Court to be able to reach a determination on the reasonableness of the fees once it has jurisdiction to consider an application, it can be provided ... by amendment or supplementation." *Guzman–Diaz*, 10 Vet.App. 233, 235 (1997) (per curiam order); *cf. Shaw v. Gober*, 10 Vet.App. 498, 501 (1997) (where itemization was "unclear", Court directed conference with Court's Central Legal Staff for "clarification").

Upon consideration of the foregoing, the record, the submissions of the parties, and the oral argument, it is

ORDERED that, not later than 15 days after the date of this order, the appellant file with the Court, and serve on the Secretary, a response to this order containing a supplemental itemization in order to permit the Court to determine the total hours expended on particular tasks. That supplemental itemization should, without regard to date, itemize the total time expended by function (including, to the maximum extent feasible, time for review of the BVA decision, review of the Program screening memorandum, review of the claims file, review of the DOR, review of the record on appeal, medical research, legal research, and phone calls to the appellant, to the Program, and to the counsel for the Secretary) and itemize the total time expended on research so as to show how much time was spent researching the law relating to CUE and how much was expended upon legal research as to each other legal issue researched. The appellant's response should address the standard from *Ussery, supra*, as to duplicative, unorganized, or unproductive work and address whether, as an exercise of billing judgment, any reduction was made in the hours claimed and/or whether the appellant desires now to make such a reduction. It is further

ORDERED that, not later than 15 days after the above response is filed, the appellant file with the Court, and serve on the Secretary, any supplement to his August 11, 1997, EAJA application, as to the amount of fees and expenses sought, and relating specifically to (1) the preparation of the appellant's January 9, 1998, reply, (2) oral argument, and (3) the preparation of such supplement and of the response regarding itemization of hours claimed that is filed pursuant to this order. It is further

ORDERED that, not later than 15 days after the appellant's second response is filed, the Secretary may file with the Court, and serve on the appellant, a surresponse to the appellant's responses.

The Court will grant no extensions of time as to the deadlines set forth in this order.