**Thuan L. HASTY, Appellant,**

v.

**Togo D. WEST, Jr., Secretary Of Veterans Affairs, Appellee.**

**No. 97–483.**

United States Court of Veterans Appeals.

Oct. 19, 1998.

Before KRAMER, IVERS, and GREENE, Judges.

## ORDER

PER CURIAM:

On February 25, 1998, the Court granted the parties' joint motion for remand and vacated the March 19, 1997, decision of the Board of Veterans' Appeals. Pursuant to Rule 41(b) of the Court's Rules of Practice and Procedure, the Court's order also constituted the mandate of the Court.

On March 16, 1998, the appellant, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, filed a timely application seeking attorney fees ($3,133) and expenses ($7.45) in the amount of $3,140.45. The at-

torney fees were calculated by multiplying 24.1 hours by $130.00 per hour.

In a May 4, 1998, response, the Secretary conceded that the appellant's application satisfied the jurisdictional requirements for an EAJA application. He argued, however, that because the appellant did not offer any justification in his initial application for an increase from the statutory rate of $125.00 an hour, the hourly rate for his fees should be reduced to the statutory rate.

On May 7, 1998, the appellant replied to the Secretary's response. He explained that the $130.00 hourly rate was computed by using a cost of living adjustment calculated by referencing the Consumer Price Index for All Urban Consumers.

After reviewing the parties' pleadings and the record and noting the contested amount involved less than $121.00, the Court, on May 21, 1998, ordered the parties to participate in a conference pursuant to Rule 33 of the Court's Rules of Practice and Procedure. The Court had hoped that the dispute concerning the total amount of fees and expenses could be resolved by a discussion between the parties.

After the conference, the appellant supplemented his initial EAJA application based upon time expended in defending the application and responding to motions filed by the Secretary (fees for fees). The supplement seeks an additional $1,001.00 based upon 7.7 hours at $130.00 per hour. The Secretary, on June 30, 1998, filed a response again asserting that the appellant is not entitled to an increase in the statutory rate of $125.00 per hour and arguing that the time claimed for justifying an increase should be excluded from the allowable fees.

After reviewing the parties' pleadings and the record, and as conceded by the Secretary, the Court finds that the appellant's fee application meets the jurisdictional requirements of section 2412(d). In *Elcyzyn v. Brown,* 7 Vet.App. 170 (1994), the Court expressly held that the statutory cap governing the rate of attorney's fees may be adjusted upward to account for an increase in the cost of living. *Id.* at 179. The Secretary's argument that the appellant must allege or show the basis of any increase in the statutory fee in his initial application is contrary to the Court's precedents. While the statutory elements of "EAJA are mandatory in nature, timely pleadings addressing each of the requirements of EAJA may be amended or supplemented as deemed necessary by the Court or by the parties." *Bazalo v. Brown,* 9 Vet.App. 304, 310 (1996), *rev'd on other grounds,* 150 F.3d 1380 (Fed.Cir.1998). "To the extent that additional information may be necessary or helpful for the Court to be able to reach a determination on the reasonableness of the fees once it has jurisdiction to consider an application, it can be provided, as here, by amendment or supplementation." *Guzman–Diaz v. Brown,* 10 Vet.App. 233, 235 (1997).

Based upon the explanation provided in the appellant's May 7, 1998, reply, the Court is satisfied that the hourly rate of $130.00 is lawful and reasonable and that the Secretary has failed to identify sufficient grounds for excluding any of the hours claimed by the appellant in defending his EAJA application. *See Cleary v. Brown,* 8 Vet.App. 305, 309 (1995).

Upon consideration of the foregoing, it is

ORDERED that the appellant's EAJA application in the amount of $4,141.45 is GRANTED.