# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access to Justice Act of -- | ) )  ) |
| Gerald R. Rouillard III dba International Gear Technologies | )  ASBCA No. 58692 ) ) |
| Under Contract No. W9098S-11-D-0018 | ) |

APPEARANCE FOR THE APPELLANT:    Steven J. Boretos, Esq.
    Law Offices of Steven J. Boretos
    Everett, WA

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    Kyle E. Chadwick, Esq.
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE THRASHER ON APPELLANT'S APPLICATION UNDER THE EQUAL ACCESS TO JUSTICE ACT

Gerald R. Rouillard III dba International Gear Technologies (IGT) timely applies for an award under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504, seeking recovery of attorney fees and expenses incurred in connection with its appeal pursuant to the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. The underlying appeal arose from the government's termination for convenience of the contract on 18 June 2012 and IGT's subsequent submittal of a Termination Settlement Proposal (TSP) on 7 August 2012. After the government did not respond to IGT's TSP for almost a year, IGT appealed to the Board on a deemed denial basis on 11 June 2013. Shortly after appeal to the Board *pro se*, IGT entered into an attorney-client relationship with Mr. Steven J. Boretos to represent IGT in this appeal by execution of an Agreement of Retainer (Retainer) dated 21 August 2013. Mr. Boretos filed a notice of appearance with the Board that same day.

IGT elected to proceed under the Board's Expedited Procedure (Rule 12.2) with both entitlement and quantum at issue. In my opinion of 20 November 2013, IGT's appeal was sustained in part and denied in part.[1] *See Gerald R. Rouillard III dba*

---

[1] The CDA, implemented by Board Rule 12.2, provides that this decision shall have no value as precedent, and in the absence of fraud shall be final and conclusive and may not be appealed or set aside.

*International Gear Technologies*, ASBCA No. 58692, slip op. (20 Nov. 2013) (unpublished). The claim for price adjustment in ASBCA No. 58692 was submitted by IGT in the amount of $77,826.08, plus unquantified attorney fees, and was sustained in the amount of $31,985.80.[2] IGT seeks attorney fees and expenses in the amount of $25,381.25. The government concedes IGT's application was timely filed and it is an eligible "party" under EAJA, 5 U.S.C. § 504(b)(1)(b) (gov't resp. at 2). However, the government asserts IGT seeks reimbursement for attorney fees related to a time period which is not cognizable under EAJA, and some of the attorney fees sought relate to issues upon which IGT either did not prevail or the government's position was substantially justified (gov't resp. at 2-5).

## DECISION

The government points out that IGT applies for attorney fees dating back to 1 May 2012 and argues the record establishes IGT did not retain its attorney, Mr. Boretos, until 21 August 2013. IGT's application includes a Retainer between IGT and Mr. Boretos dated 21 August 2013 for the purpose of representation in the appeal (appl., attach. 8). Prior to that date, Mr. Boretos worked on the claim for IGT as a contract specialist (ex. G-1-001). As a result, the government argues any fees incurred prior to 21 August 2013 are not awardable under EAJA (gov't resp. at 2). IGT responded that the Retainer memorializes an attorney-client relationship dating back to 1 April 2012 (app. reply at 1-2). However, in an email forwarded to government counsel on 31 July 2013, Mr. Boretos stated in reference to this appeal, "I am a DC and Washington State attorney, and plan to be representing IGT in this matter. I am currently a contract specialist for IGT." The email was signed, "Steven J. Boretos Contract Specialist IGT Representative." (Ex. G-1-001) I conclude the contemporaneous record does not support a finding that Mr. Boretos was acting as an attorney on this claim within the coverage of EAJA prior to entering into the Agreement on 21 August 2013. Therefore, only attorney fees incurred after 21 August 2013 are awardable.

EAJA only authorizes an award to a "prevailing party" if the government's position was not "substantially justified." 5 U.S.C. § 504(a)(1). The test of whether the government's position was substantially justified is whether "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 n.2 (1988). The government asserts IGT did not prevail on costs claimed for process engineering, drawing errors and the first set of first articles (*Rouillard*, slip op. at 14-15), and the government was substantially justified in not paying the costs associated with the issues on which IGT prevailed; as a result, IGT should not recover legal fees incurred in connection with litigating those issues (gov't resp. at 3). Although the government asserts the argument that it was substantially justified in litigating the

---

[2] IGT's request for attorney fees was dismissed as premature. *Rouillard dba Int'l Gear Techs.*, slip op. at 8-16.

issues upon which IGT prevailed, it fails to articulate the basis for that argument. The government bears the burden of proof on this issue and has not presented any argument why the evidence supports this argument. *Community Heating & Plumbing Co. v. Garrett*, 2 F.3d 1143 (Fed. Cir. 1993). As a result, I find the government was not substantially justified in litigating the issues on which IGT was the prevailing party.

*Allocation of Attorney Fees*

The contractor, as is the case here, need not prevail on all issues to be a prevailing party. *Goetz Demolition Company*, ASBCA No. 39129, 91-2 BCA ¶ 23,836. Where a contractor prevails on some, but not all the issues, an EAJA award will only extend to those costs of litigating those issues on which the contractor prevailed. *Hart's Food Services, Inc.*, ASBCA No. 30756R *et al.*, 93-1 BCA ¶ 25,524. However, there is no precise formula for allocating fees and other expenses between successful and unsuccessful claims. *See Hoyer Construction Co.*, ASBCA No. 32178, 88-3 BCA ¶ 21,036 at 106,266. Instead, the Board considers the record as a whole and exercises its discretion in determining a fair and reasonable allocation. *See C.H. Hyperbarics, Inc., ex rel. Miller*, ASBCA No. 49375 *et al.*, 05-2 BCA ¶ 32,989 at 163,494. The government asserts IGT did not prevail on costs claimed for process engineering, drawing errors and the first set of first articles (*Rouillard*, slip op. at 14-15) but argues that IGT's application does not provide enough detail to precisely apportion attorney fees between the issues in the appeal where IGT was the prevailing and non-prevailing party (gov't resp. at 3). I agree and will therefore, in the nature of a jury verdict, determine a reasonable approximation of an amount that should be subtracted from the total for work performed on issues on which IGT did not prevail.[3]

IGT's application includes $11,268.75 in potentially awardable attorney fees post entering into an Agreement with Mr. Boretos (appl., attach. 2 at 2-4). The government identifies specific cost areas of IGT's application that it asserts are associated with issues where IGT did not prevail which should be subtracted from the total. We address each in turn.

*Time Preparing Expert Witnesses*

The government argues the Board should disallow 90% of the time spent preparing expert witnesses on 24 September 2013 ($871.88)[4] because the majority of IGT's two expert witnesses' testimony focused upon alleged drawing errors and process-engineering costs, but the Board found no drawing errors and awarded no

---

[3] Additionally, the government does not dispute IGT's billing rate of $125.00 per hour (gov't resp. at 3).

[4] There are several hours billed on 24 September 2013. The government's reference appears to be 7.75 hours billed in the amount of $968.75.

3

process-engineering costs (gov't resp. at 3-5)[5]. IGT did not specifically respond to this argument but an examination of IGT's application reveals the time claimed on that date not only included expert witness preparation but also general preparation for the hearing. I agree some portion of the expert preparation time should be disallowed but not the 90% proposed. Instead, I find that the amounts claimed on that date should be reduced by 60%, $581.25.[6]

*Time Associated with Preparing Briefs and Hearing*

The government also asserts the Board should subtract 60% of the time spent drafting briefs on 19-22 September and 21-29 October 2013 ($2,809.50)[7] arguing that discounting the fees for briefing by 60% is reasonable because IGT recovered only 41% of his claimed quantum (not including the premature attorney-fee request) and a majority of appellant's merits briefs were devoted to arguments about drawing errors, process-engineering costs, the value of the first set of first articles, and attorney fees, which the Board either rejected or dismissed as premature.[8] Although there is no precise formula for allocating the costs, I agree 60% is a reasonable allocation considering the record as a whole.

In addition, the government argues the Board should exclude $290.00, approximately one-third, of the $875.00 invoiced for the hearing because a substantial portion of the hearing was devoted to issues upon which IGT did not prevail (gov't resp. at 4). I agree that is a reasonable allocation based upon the record.

*Research Mistakes*

The government also argues all of the time spent by Mr. Boretos researching *Red River Holdings, LLC,* ASBCA No. 56316, 09-2 BCA ¶ 34,304, *rev'd in part, aff'd in part, and remanded sub nom. Red River Holdings, LLC v. United States,* 802 F. Supp. 2d 648 (D. Md. 2011), on 8 September 2013, $325.00, should be disallowed because IGT's "briefs misquoted both the Board's and the district court's decisions in *Red River Holdings,* focused on irrelevant aspects of those decisions, and were otherwise unhelpful to the Board in applying the law (app. post-hearing br. at 2-3; app. reply at 3-4)." In addition, the government argues 50% of the time invoiced for 19 September 2013, $125.00[9] should be disallowed because Mr. Boretos "researched the wrong EAJA and

---

[5] The Board found that the Army hampered IGT by not disclosing the exact dimensions of the "master worm" but this was not a drawing error. *Rouillard,* slip op. at 9, 11, 14.

[6] (.6 x $968.75 = $581.25)

[7] (.6 x $4,682.50 = $2,809.50)

[8] *Rouillard,* slip op. at 14-16.

[9] (.5 x $250.00 = $125.00)

continued to pursue the premature fee request after the Army cited Board precedent on point (govt. posthearing br. at 19; app. reply at 7)." (Gov't resp. at 3-5)

The government does not specifically identify the legal basis for disallowing these costs. Presumably the government's position is that I should exercise my discretion under 5 U.S.C. § 504(a)(1) or (a)(3) to find the identified mistakes constitute "special circumstances [that] make an award unjust" or are "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."[10] If that is the government's position, I disagree. Both issues were relevant to the overall appeal and any mistakes on Mr. Boretos' part do not rise to the level of an unjust award and did not unduly and unreasonably protract the final resolution of the appeal.

CONCLUSION

For reasons stated, the application is allowed in the amount of $7,588.

Dated: 4 March 2014

JOHN J. THRASHER
Administrative Judge
Armed Services Board
of Contract Appeals

---

[10] 5 U.S.C. § 504(a)(1) states, "An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust. Whether or not the position of the agency was substantially justified shall be determined on the basis of the administrative record, as a whole, which is made in the adversary adjudication for which fees and other expenses are sought." 5 U.S.C. § 504(a)(3) states in pertinent part, "The adjudicative officer of the agency may reduce the amount to be awarded, or deny an award, to the extent that the party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 58692, Appeal of Gerald R. Rouillard III dba International Gear Technologies, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
